767 A.2d 1042

JOSE J. BONILLA, CLAIMANT–APPELLANT, v. BOARD OF RE-
VIEW, DEPARTMENT OF LABOR, RESPONDENT–RESPON-
DENT, AND ZAGO MANUFACTURING CO., INC., RESPON-
DENT.

Superior Court of New Jersey
Appellate Division

Argued February 13, 2001—Decided March 13, 2001.

Before Judges PETRELLA, NEWMAN and WELLS.

Jose J. Bonilla, appellant, argued the cause pro se.

*John C. Turi,* Deputy Attorney General, argued the cause for respondent Board of Review (*John J. Farmer, Jr.,* Attorney General, attorney; *Michael J. Haas,* Assistant Attorney General, of counsel; *Mr. Turi,* on the brief).

No brief was filed on behalf of respondent Zago Manufacturing Co., Inc.

The opinion of the Court was delivered by

PETRELLA, P.J.A.D.

In this appeal, claimant Jose J. Bonilla challenges a decision by the Board of Review (Board) upholding the Appeal Tribunal's ruling that he was not entitled to additional unemployment benefits during training (ABT). On appeal, Bonilla argues that he was

improperly denied additional benefits because there was a "substantial reduction" in work opportunities that entitled him to additional benefits under *N.J.S.A.* 43:21–60 and *N.J.A.C.* 12:23–5.1.

Bonilla filed a claim for unemployment benefits on January 3, 1999. He was declared eligible and received benefits for the full twenty-six week period allowable at a weekly benefit rate of $289. Thereafter, he filed for additional benefits under *N.J.S.A.* 43:21–60.

On July 13, 1999, the Division of Unemployment Insurance declared Bonilla ineligible for ABT under the Workforce Development Partnership Program, on the ground that he left his former job for a reason other than lack of work.

Bonilla was employed by Zago Manufacturing Co., Inc. in Newark from August 16, 1996 to December 31, 1998. He claims he suffered numerous adverse health effects from the chemical fumes in the factory where he worked. Bonilla asserts that his employer told him he would be assigned to a room separate from the company floor so that he would not be exposed to the industrial fumes. However, Bonilla testified that his employer never took such action and that he continued to work in an unhealthy environment where he was exposed to fumes. Bonilla claims that he contacted the Labor Department, OSHA and other agencies, but received no assistance.

Dr. Rafael Latorre examined Bonilla and certified that he suffered headaches and hypertension, but that he was able to work in places with a less chemically contaminated environment. Bonilla claims he left his job for health reasons and because of his doctor's recommendation that he change jobs so that he could work in a healthier environment. He also asserts that the company he worked for used toxic chemical solvents known to cause various illnesses.

At the hearing before the Appeal Tribunal, Bonilla testified that he began attending a computer graphics school in August 1999

and expected to complete the course in December 1999. The Appeal Tribunal affirmed the determination of the Deputy, finding that there was no substantial reduction in work opportunities at Bonilla's former worksite and that his separation from work was an isolated separation due to his leaving. Thus, the Appeal Tribunal concluded that Bonilla was ineligible for additional unemployment benefits during training under the New Jersey Workforce Development Act (*N.J.S.A.* 43:21–57 *et seq.*). The Board of Review affirmed the decision of the Appeal Tribunal on the basis of the record below.

I.

Reviewing courts generally give considerable weight to an agency's interpretation of a statute the agency is charged with enforcing, although appellate courts are not bound by an agency interpretation of a strictly legal issue. *G.S. v. Department of Human Servs.*, 157 *N.J.* 161, 170, 723 *A.*2d 612 (1999) (citing *Mayflower Securities Co. v. Bureau of Securities in Division of Consumer Affairs of Dept. of Law and Public Safety*, 64 *N.J.* 85, 93, 312 *A.*2d 497 (1973)).

Bonilla argues that he is entitled to additional benefits during training because he left his job for health reasons.

It is well-settled that the claimant normally has the burden of establishing entitlement to unemployment compensation. *Combs v. Board of Review*, 269 *N.J.Super.* 616, 624, 636 *A.*2d 122 (App.Div.1994). This applies to ABT claims under *N.J.S.A.* 43:21–60, which provides, in pertinent part, that additional benefits shall be provided to any individual who:

a. Has received a notice of a permanent termination of employment by the individual's employer or has been laid off and is unlikely to return to his previous employment because work opportunities in the individual's job classification are impaired by a substantial reduction of employment at the worksite;* * *

The above statute is economically driven legislation that has the obvious purpose of enabling individuals who are economically displaced from their employment to be paid benefits while acquir-

ing new skills to reenter a more marketable area of the economy. It is thus clear that to obtain additional benefits during training, the claimant must be fired or laid off and be unlikely to return to that job because of a "substantial reduction of employment at the worksite."

Likewise, the implementing regulation, *N.J.A.C.* 12:23–5.1, provides, in pertinent part, that

(a) An individual will be eligible for additional unemployment benefits during training only if the individual:

\* \* \*

2. Is permanently separated from employment and is unlikely to return to such employment due to a substantial reduction in work opportunities in the individual's job classification at his or her former worksite;

■ Bonilla, relying upon *Rider College v. Board of Review*, 167 *N.J.Super.* 42, 47, 400 *A.*2d 505 (App.Div.1979), argues that he is entitled to additional benefits because he left work due to the "intolerable working conditions" at his former job, which he argues constitutes "good cause," pursuant to *N.J.S.A.* 43:21–5(a). However, *N.J.S.A.* 43:21–5(a) is not at issue in this case because that section of the statute applies to disqualification from benefits for leaving employment without good cause related to the work. Bonilla was not disqualified for benefits. Indeed, he was found eligible for a full twenty-six weeks of benefits because he left work for good cause related to the work. He was simply declared ineligible for additional benefits during training because he did not qualify under *N.J.S.A.* 43:21–60.

It is undisputed that Bonilla left his job for health reasons. Although the working conditions may have been poor, Bonilla was not fired or laid off. In addition, and more significantly, he is ineligible for additional benefits under *N.J.S.A.* 43:21–60 because there was no evidence of a "substantial reduction of employment at the worksite," that made him unlikely to return to his former

job. Therefore, Bonilla was appropriately found ineligible for additional benefits.

Affirmed.