**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3252-15T4

MAURICE MITCHELL,

    Appellant,

v.

BOARD OF REVIEW, NEW JERSEY
DEPARTMENT OF LABOR AND
WORKFORCE DEVELOPMENT and
EXCELSIOR MEDICAL,

    Respondents.

_____

Submitted May 8, 2017 — Decided May 22, 2017

Before Judges Haas and Geiger.

On appeal from the New Jersey Department of
Labor and Workforce Development, Docket No.
070,221.

Maurice Mitchell, appellant pro se.

Christopher S. Porrino, Attorney General,
attorney for respondent Board of Review
(Melissa Dutton Schaffer, Assistant Attorney
General, of counsel; Christopher Weber, Deputy
Attorney General, on the brief).

Respondent Excelsior Medical has not filed a
brief.

PER CURIAM

Appellant Maurice Mitchell appeals from a final agency decision of the Board of Review dated March 18, 2016. The Board of Review affirmed the Appeal Tribunal's determination disqualifying appellant from additional benefits during training (ABT) under N.J.S.A. 43:21-60(b). We affirm.

Between July 2004 and December 23, 2014, appellant worked as a loader for Excelsior Medical Corporation. On December 23, 2014, appellant was discharged from employment due to severe misconduct connected with the work for being "under the influence of alcohol while on the job." He filed a claim for unemployment benefits as of December 28, 2014. Following a separate administrative appeal related to his claim, appellant's discharge was modified to simple misconduct on April 17, 2015. Appellant's disqualification period ran from December 28, 2014, through February 21, 2015.

On September 2, 2015, appellant was deemed eligible for the Unemployed Persons Job Training Program, under the Workforce Development Partnership Program, N.J.A.C. 12:23. As a result, he enrolled in four university courses, incurred commuting expenses, and borrowed money from relatives to purchase books for the courses. Then, on September 28, 2015, the Department of Labor and Workforce Development (the Department) determined that appellant was ineligible for ABT, because he was "not separated from employment due to a substantial reduction in work opportunities

in [his] job classification at [his] former worksite." He administratively appealed that determination.

Following a December 10, 2015 hearing, the Appeal Tribunal affirmed the decision that appellant was ineligible for ABT because he was terminated for misconduct, which disqualified him for benefits at the time of his separation from work and the filing of his claim. Appellant further appealed and the Board of Review affirmed on the basis of the record below. This appeal followed.

Appellant now raises the same arguments that he raised before the agency: (1) he was eligible for ABT under N.J.S.A. 43:21-16(b); (2) N.J.S.A. 43:21-16(b) is ambiguous and should be interpreted liberally in favor of benefits; (3) the Department should be equitably estopped from denying benefits; and (4) the denial of benefits was arbitrary and capricious, and violated his due process rights.

We exercise limited review of administrative agency decisions. Brady v. Bd. of Review, 152 N.J. 197, 210 (1997). We simply determine whether the administrative decision is arbitrary, capricious, or unreasonable. Henry v. Rahway State Prison, 81 N.J. 571, 579-80 (1980). The burden of proof rests with the person challenging the action. In re Arenas, 385 N.J. Super. 440, 443-44 (App. Div.), certif. denied, 188 N.J. 219 (2006). An individual seeking unemployment benefits, including ABT, bears the burden of

proving that he or she is entitled to receive them. Brady, supra, 152 N.J. at 218; Bonilla v. Bd. of Review, 337 N.J. Super. 612, 615 (App. Div. 2001).

In matters involving unemployment benefits, we accord deference to the expertise of the Board of Review. See Brady, supra, 152 N.J. at 210; Doering v. Bd. of Review, 203 N.J. Super. 241, 245 (App. Div. 1985). We must accept the Board of Review's findings if they are supported by sufficient credible evidence. Brady, supra, 152 N.J. at 210.

Unemployment compensation exists "to provide some income for the worker earning nothing because he is out of work through no fault or act of his own." Futterman v. Bd. of Review, 421 N.J. Super. 281, 288 (App. Div. 2011) (emphasis omitted) (quoting Brady, supra, 152 N.J. at 212).

In 1992, the Legislature enacted N.J.S.A. 43:21-60(a), which provides, in pertinent part, that additional benefits shall be provided to any individual who:

> a. Has received a notice of a permanent termination of employment by the individual's employer or has been laid off and is unlikely to return to his previous employment because work opportunities in the individual's job classification are impaired by a substantial reduction of employment at the worksite[.]

In Bonilla, supra, the court analyzed the purpose of and eligibility for ABT:

> [N.J.S.A. 43:21-60(a)] is economically driven legislation that has the obvious purpose of enabling individuals who are economically displaced from their employment to be paid benefits while acquiring new skills to reenter a more marketable area of the economy. It is thus clear that to obtain additional benefits during training, the claimant must be fired or laid off and be unlikely to return to that job because of a "substantial reduction of employment at the worksite."
>
> Likewise, the implementing regulation, N.J.A.C. 12:23-5.1, provides, in pertinent part , that
>
> (a) An individual will be eligible for additional unemployment benefits during training only if the individual:
>
> * * *
>
> 2. Is permanently separated from employment and is unlikely to return to such employment due to a substantial reduction in work opportunities in the individual's job classification at his or her former worksite;
>
> [Bonilla, supra, 337 N.J. Super. at 615-16.]

Appellant does not meet this eligibility requirement. Appellant was terminated for misconduct. He was not "economically displaced" by being fired or laid off due to a "substantial reduction of employment at the worksite," that made him unlikely to return to his former employment. See ibid. There was no other reduction in employment at the worksite in appellant's job

classification at the time he was discharged. Therefore, appellant was appropriately found ineligible for additional benefits. See id. at 616-17.

In addition, in order to be eligible to receive ABT, the claimant must also be eligible for unemployment benefits "at the time of layoff or termination[.]" N.J.S.A. 43:21-60(b). Appellant filed for benefits on December 28, 2014. It is undisputed that appellant was temporarily disqualified for unemployment benefits from December 28, 2014, through February 21, 2015. Because of this initial period of disqualification, appellant was not eligible for unemployment benefits at the time of his termination, and, therefore, he was ineligible for ABT. Ibid.

Appellant also argues that N.J.S.A. 43:23-60(b) is ambiguous. We disagree. The clear and unambiguous language of the statute provides that in order to be eligible for ABT, the claimant must be eligible for unemployment benefits "at the time of layoff or termination[.]" N.J.S.A. 43:21-60(b). Appellant did not meet this requirement.

Appellant's reliance on Alexander v. Bd. of Review, 405 N.J. Super. 408 (App. Div. 2009), is misplaced. Alexander interpreted only N.J.S.A. 43:21-60(a), not N.J.S.A. 43:21-60(b). Id. at 417-18. In any event, appellant is still ineligible to receive ABT under subsection (a).

Appellant further contends that the agency should be equitably estopped from denying ABT benefits. Appellant's equitable estoppel argument is not persuasive. The doctrine of equitable estoppel is rarely invoked against a governmental entity except in instances to prevent a manifest injustice. Aqua Beach Condo. Ass'n v. Dep't of Cmty Affairs, 186 N.J. 5, 20 (2006); Casamasino v. City of Jersey City, 158 N.J. 333, 354 (1999). While equitable estoppel has been applied to prevent recoupment of unemployment compensation benefits that were properly paid, Hopkins v. Bd. of Review, 249 N.J. Super. 84, 89 (App. Div. 1991), it should not be applied here where the claimant was properly determined to be ineligible for ABT.

The remaining point raised by appellant lacks sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(D) and (E).

The decision of the Board of Review was not arbitrary, capricious, or unreasonable, and is amply supported by substantial credible evidence in the record.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3252-15T4