**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1311-17T1

GLENN J. LAVENDER,

      Appellant,

v.

BOARD OF REVIEW,
and MORRIS VIEW
HEALTH CARE,

      Respondents.

_____

Argued December 5, 2018 – Decided February 4, 2019

Before Judges Alvarez and Mawla.

On appeal from the Board of Review, Department of Labor, Docket No. 126,664.

Glenn J. Lavender, appellant, argued the cause pro se.

Shareef M. Omar, Deputy Attorney General, argued the cause for respondent Board of Review (Gurbir S. Grewal, Attorney General, attorney; Melissa H. Raksa, Assistant Attorney General, of counsel; Shareef M. Omar, on the brief).

Respondents Morris View Healthcare and SDH Services, LLC, have not filed briefs.

PER CURIAM

Glenn J. Lavender appeals from an October 5, 2017 agency decision of the Board of Review declining to reopen its prior affirmance of the Appeal Tribunal's determination disqualifying Lavender from Additional Benefits During Training (ABT). We affirm.

On May 19, 2016, Lavender was terminated from employment as a boiler operator because he falsified information on his employment application.[1] Because of the nature of the termination, misconduct, his initial claim for benefits was suspended until July 9, 2016. Lavender did not challenge the suspension. By January 2017, Lavender had exhausted his benefits.

Lavender then enrolled in a training program with One-Stop Career Centers, a Department of Labor (DOL) program. He initially enrolled in a training course that ended April 20, 2017, and was paid ABT benefits during that time. He then enrolled in a different year-long training program, but on August 8, 2017, approximately one month after his start date, was denied additional ABT. The denial stemmed from the prior suspension of his initial

_____

[1] The nature of the falsification is irrelevant to the outcome of this appeal.

unemployment benefits, which in turn was the result of the nature of his termination.  See N.J.S.A. 43:21-60(b).

On August 9, Lavender appealed to the Appeal Tribunal.  He was the only witness at the proceeding before the hearing examiner.  The Tribunal affirmed the decision, finding he was not immediately eligible for unemployment benefits and that his termination from work was not symptomatic of a "substantial reduction" in work opportunities in his field.  Lavender was the only employee laid off in his department.  He appealed to the Board, and when it upheld the Tribunal's decision, asked the Board to reopen the matter, which it declined to do.

Lavender raises one point for our consideration:

> THE DECISION OF THE BOARD OF REVIEW IN AFFIRMING APPELLANT'S DISQUALIFICATION FOR UNEMPLOYMENT BENEFITS WAS UNREASONABLE[,] ARBITRARY[,] AND CAPRICIOUS[,] AND THEREFORE LACKED SUFFICIENT CREDIBLE EVIDENCE IN THE RECORD AND SHOULD BE REVERSED.

Our review of administrative agency decisions is quite limited.  Brady v. Bd. of Review, 152 N.J. 197, 210 (1997).  We determine only if the administrative decision is arbitrary, capricious, or unreasonable.  Henry v. Rahway State Prison, 81 N.J. 571, 579-80 (1980).  An individual seeking

3

unemployment benefits, including ABT, bears the burden of proving that he or she is entitled to receive them. Brady, 152 N.J. at 218; Bonilla v. Bd. of Review, 337 N.J. Super. 612, 615 (App. Div. 2001).

In matters involving unemployment benefits, we accord deference to the expertise of the Board. Brady, 152 N.J. at 210; Doering v. Bd. of Review, 203 N.J. Super. 241, 245 (App. Div. 1985). We accept the Board's findings where supported by sufficient credible evidence. Brady, 152 N.J. at 210.

When the Legislature enacted N.J.S.A. 43:21-60(a) in 1992, it provided additional benefits could be paid to an individual who:

> (a) Has received a notice of a permanent termination of employment by the individual's employer or has been laid off and is unlikely to return to his previous employment because work opportunities in the individual's job classification are impaired by a substantial reduction of employment at the work site[.]

Additionally, the claimant must have been eligible for unemployment benefits "at the time of layoff or termination[.]" N.J.S.A. 43:21-60(b).

The very purpose of ABT is to enable those who are displaced by market forces to retrain and move on to an economically viable sector. See N.J.S.A. 43:21-57. In other words, to act as a springboard for workers to engage in new careers.

A-1311-17T1

Lavender's arguments in support of his claim of error do not address either the effect of the plain language of the statute on his circumstances, or how in his case providing ABT benefits would advance the legislative purpose. His arguments are at best hyper-technical. They in no way defeat the application of the statute to his case. For example, it makes no difference to the outcome at this stage that he was not sworn in before the appeals examiner. Similarly, it is irrelevant that the deputy who made the initial determination that he was ineligible for benefits, and had to undergo a suspension before receiving them, did not appear at the hearing regarding ABT benefits.

Nor was the DOL required to prove that Lavender was suspended for misconduct. Once he was initially suspended, it sufficed as to ABT. The DOL, quite simply, is not required to duplicate its efforts involving the same claimant and precisely the same circumstances. Once he was suspended from receiving benefits for misconduct, and that suspension was made a matter of record, that sufficed.

The real issue is whether Lavender satisfies the statutory requirements. Clearly he does not. Therefore, the Board's decision was not arbitrary, capricious, or unreasonable, and it is amply supported by substantial credible evidence in the record.

A-1311-17T1

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-1311-17T1