690 A.2d 1125

HUGH J. LOGAN, JR., PETITIONER–APPELLANT, v. BOARD
OF REVIEW, RESPONDENT–RESPONDENT.

Superior Court of New Jersey
Appellate Division

Submitted December 3, 1996—Decided April 7, 1997.

Before Judges PRESSLER, HUMPHREYS and WECKER.

*Stark & Stark,* attorneys for appellant (*Perry S. Warren,* of counsel and on the brief).

*Peter Verniero,* Attorney General, attorney for respondent (*Mary C. Jacobson,* Assistant Attorney General, of counsel, *Geetha Nimmagadda,* Deputy Attorney General, on the brief).

The opinion of the court was delivered by

HUMPHREYS, J.A.D.

The claimant was "laid off" from his job. While collecting unemployment compensation benefits, he and two others started a business. The Appeal Tribunal of the New Jersey Department of Labor found that he was not available for work during the time he worked for his business and was therefore ineligible for unemployment benefits. He was directed to repay the benefits he had received, fined $1,617.00 and disqualified from benefits for one year.

The Board of Review affirmed. The Board said it was "clear the claimant restricted his availability to work with his corporation where he had a substantial investment and that [the] corporation benefitted from his services at the expense of the unemployment insurance trust fund."

The claimant appeals, contending: (1) he was available for work; and (2) he did not falsely, fraudulently or otherwise misrepresent his employment status and therefore should not have been disqualified for benefits.

We affirm the Board's decision on the refund. We reverse on the fine and one year disqualification.

An adjudication by an administrative agency will be sustained on appeal unless the decision is arbitrary, capricious or unreason-

able or is unsupported by substantial credible evidence in the record as a whole. *Henry v. Rahway State Prison,* 81 *N.J.* 571, 579–80, 410 *A.*2d 686 (1980); *see also Clowes v. Terminix Int'l, Inc.,* 109 *N.J.* 575, 538 *A.*2d 794 (1988). The appellate court must also give due regard to the opportunity of the one who heard the witnesses to judge their credibility. *Jackson v. Concord Co.,* 54 *N.J.* 113, 117, 253 *A.*2d 793 (1969).

■ The Board's finding that the claimant was not available for work was a reasonable determination. The claimant had a one-third interest in the business. He worked for the business five days a week, spending about thirty hours a week. Although he was reimbursed for certain expenses, he was not on the payroll of the business while he was collecting unemployment benefits. However, the claimant was sufficiently involved in the new business that the Board could reasonably find that he was not "available for work" during that period. *See Ford v. Board of Review,* 287 *N.J.Super.* 281, 286, 670 *A.*2d 1116 (App.Div.1996); *see also Pedalino v. Board of Review,* 83 *N.J.Super.* 449, 452, 200 *A.*2d 351 (App.Div.), *certif. denied,* 43 *N.J.* 129, 202 *A.*2d 702 (1964). Accordingly, the claimant should refund the unemployment benefits.

■ As to the fine and disqualification, the Appeal Tribunal found by a preponderance of the evidence that the claimant "knowingly failed to disclose a material fact when he did not disclose he owned a business" and that he had "misrepresented himself as unemployed on his weekly claims for benefit." However, the Appeal Tribunal Examiner also found that claimant did not inform the unemployment office of the business or his services to the business "because he received no compensation and did not consider the services employment." The Board "deleted" that finding. The Board gave no reason for its deletion. The Board did not hear the evidence and was therefore in a poor position to determine the credibility of the claimant. Under these circumstances, the finding of the Appeal Tribunal should not have been deleted.

The Appeal Tribunal apparently concluded that the claimant did not disclose his ownership of a business and his services to the business because he honestly believed these facts were not relevant to his employment status. Fines and disqualifications should ordinarily not be grounded on innocent misrepresentations, except in cases involving penal or regulatory statutes. *See Morissette v. United States,* 342 *U.S.* 246, 253–56, 72 *S.Ct.* 240, 244–46, 96 *L.Ed.* 288, 295–97 (1952); *see also State v. Resorts Int'l Hotel, Inc.,* 173 *N.J.Super.* 290, 299, 414 *A.*2d 269 (App.Div.), *certif. denied,* 84 *N.J.* 466, 420 *A.*2d 1294 (1980).

New Jersey's Unemployment Compensation Law is social legislation which should be remedially construed. *Carpet Remnant Warehouse, Inc. v. Department of Labor,* 125 *N.J.* 567, 580–81, 593 *A.*2d 1177 (1991). A restrictive interpretation and application of the Unemployment Compensation Law runs counter to this beneficial policy. A person who makes an innocent misrepresentation should ordinarily not be subject to fines and penalties under such a remedial statute. The Board's decision imposing a fine and disqualification is unreasonable and is reversed.

Affirmed in part and reversed in part.