NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R.1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-4455-15T4

DOROTHY MOORE,

 Appellant,

v.

BOARD OF REVIEW,
DEPARTMENT OF LABOR, and
BERGEN REGIONAL MEDICAL
CENTER LP,

 Respondents.

___________________________

 Submitted June 7, 2017 – Decided August 25, 2017

 Before Judges Simonelli and Gooden Brown.

 On appeal from the Board of Review, Department
 of Labor, Docket No. 077,190.

 Dorothy Moore, appellant pro se.

 Christopher S. Porrino, Attorney General,
 attorney for respondent Board of Review
 (Melissa Dutton Schaffer, Assistant Attorney
 General, of counsel; Elizabeth A. Davies,
 Deputy Attorney General, on the brief).

 Respondent Bergen Regional Medical Center LP
 has not filed a brief.

PER CURIAM
 Appellant Dorothy Moore appeals from the May 3, 2016 final

agency decision of respondent Board of Review (Board) affirming

the January 21, 2016 decision of the Appeal Tribunal (Tribunal).

The Tribunal determined that Moore was disqualified for

unemployment benefits pursuant to N.J.S.A. 43:21-5(a) because she

left work at Bergen Regional Medical Center, LP (Bergen Regional)

"voluntarily without good cause attributable to the work." We

remand to allow the Board to determine whether the police report

submitted to support her claim for an exemption under N.J.S.A.

43:21-5(j) was sufficient documentation as required under N.J.S.A.

43:21-5(j)(2).

 I.

 We derive the following facts from the record. Moore worked

for Bergen Regional as a patients account management

representative from April 24, 2006 until September 25, 2015, when

she resigned her position and moved out of state. After moving,

Moore filed for unemployment benefits on November 1, 2015, and

submitted a total of four job applications since filing for

benefits, ultimately deciding to retire at age sixty-eight.

 The Deputy for the Director of the Division of Unemployment

Insurance denied Moore's application for unemployment benefits on

December 3, 2015, on the ground that Moore left work voluntarily

without "good cause attributable to the work." Moore appealed to

 2 A-4455-15T4
the Tribunal on December 9, 2015 and participated in the telephonic

hearing conducted on January 12, 2016. At the telephonic hearing,

Moore testified that "on September 28th, in the middle of the

night" she, her son and her grandchildren "packed up and . . .

left [her] home" because her grandchildren's mother made "death

threats" against her and her family.

 According to Moore, although the children's mother had never

resided with her on a permanent basis, before the children were

born, she lived with her for "a little more than a year off and

on." Moore testified that her son lived with her and was awarded

custody of the two children on June 24, 2013. According to Moore,

they reported the threats to the police and the case was under

investigation by the Pennsylvania State Police. Although Moore

testified that a copy of the police report had been sent to the

unemployment office, she agreed to send another copy to the

Tribunal examiner.

 Relying on the fact that the children's mother never lived

with Moore on a permanent basis, the Tribunal determined that

Moore did not qualify for benefits under N.J.S.A. 43:21-5(j),

which allows the payment of benefits to individuals who resign

from their employment "due to circumstances directly resulting

from the individual being a victim of domestic violence as defined

in" N.J.S.A. 2C:25-19. In its decision, the Tribunal quoted the

 3 A-4455-15T4
pre-amendment definition of a "[v]ictim of domestic violence"

contained in N.J.S.A. 2C:25-19(d) and determined that Moore did

"not meet the qualifications of [t]he New Jersey Code [o]f Criminal

Justice 2C:25-19(d) and [was] therefore not eligible for benefits

under the statute."

 The Tribunal affirmed the determination of the Deputy,

concluding that because Moore "left work due to personal problems

which were neither caused by her employer nor the result of the

nature of the work itself[,]" Moore was disqualified under N.J.S.A.

43:21-5(a) as she "left work voluntarily without good cause

attributable to such work." Moore filed a timely appeal to the

Board. In a May 3, 2016 decision, the Board adopted the findings

of the Tribunal and affirmed the Tribunal's decision on the basis

of the record below. This appeal followed.

 II.

 Our review of an administrative agency decision is limited.

Brady v. Bd. of Review, 152 N.J. 197, 210 (1997). "[I]n reviewing

the factual findings made in an unemployment compensation

proceeding, the test is not whether [we] would come to the same

conclusion if the original determination was [ours] to make, but

rather whether the factfinder could reasonably so conclude upon

the proofs." Ibid. (quoting Charatan v. Bd. of Review, 200 N.J.

Super. 74, 79 (App. Div. 1985)). "If the Board's factual findings

 4 A-4455-15T4
are supported 'by sufficient credible evidence, [we] are obliged

to accept them.'" Ibid. (quoting Self v. Bd. of Review, 91 N.J.

453, 459 (1982)). We also give due regard to the agency's

credibility findings. Logan v. Bd. of Review, 299 N.J. Super.

346, 348 (App. Div. 1997). "Unless . . . the agency's action was

arbitrary, capricious, or unreasonable, the agency's ruling should

not be disturbed." Brady, supra, 152 N.J. at 210.

 Moreover, we "give considerable weight to a state agency's

interpretation of a statutory scheme that the legislature has

entrusted to the agency to administer." In re Election Law

Enforcement Comm'n Advisory Op. No. 01-2008, 201 N.J. 254, 262

(2010). "We will defer to an agency's interpretation of both a

statute and implementing regulation, within the sphere of the

agency's authority, unless the interpretation is 'plainly

unreasonable.'" Ibid. (citation omitted). Although we "must

give deference to the agency's findings of facts, and some

deference to its 'interpretation of statutes and regulations

within its implementing and enforcing responsibility,' we are 'in

no way bound by the agency's interpretation of a statute or its

determination of a strictly legal issue.'" Utley v. Bd. of Review,

Dep't of Labor, 194 N.J. 534, 551 (2008) (citations omitted).

"Thus, to the extent [the agency's] determination constitutes a

 5 A-4455-15T4
legal conclusion, we review it de novo." Lavezzi v. State, 219

N.J. 163, 172 (2014).

 An individual is disqualified for unemployment benefits

"[f]or the week in which the individual has left work voluntarily

without good cause attributable to such work, and for each week

thereafter until the individual becomes reemployed and works eight

weeks in employment[.]" N.J.S.A. 43:21-5(a). An employee who has

left work voluntarily bears the burden of proving that he or she

"did so with good cause attributable to work." Brady, supra, 152

N.J. at 218 (citation omitted); N.J.A.C. 12:17-9.1(c).

 "While the statute does not define 'good cause,' our courts

have construed the statute to mean 'cause sufficient to justify

an employee's voluntarily leaving the ranks of the employed and

joining the ranks of the unemployed.'" Domenico v. Bd. of Review,

192 N.J. Super. 284, 287 (App. Div. 1983) (quoting Condo v. Bd.

of Review, 158 N.J. Super. 172, 174 (App. Div. 1978)). Also,

N.J.A.C. 12:17-9.1(b) defines "good cause attributable to such

work" as "a reason related directly to the individual's employment,

which was so compelling as to give the individual no choice but

to leave the employment."

 An employee who leaves work for good, but personal, reasons

is not deemed to have left work voluntarily with good cause,

Brady, supra, 152 N.J. at 213, and is subject to disqualification

 6 A-4455-15T4
under N.J.S.A. 43:21-5(a). Morgan v. Bd. of Review, 77 N.J. Super.

209, 214 (App. Div. 1962).

 Mere dissatisfaction with working conditions
 which are not shown to be abnormal or do not
 affect health, does not constitute good cause
 for leaving work voluntarily. The decision
 to leave employment must be compelled by real,
 substantial and reasonable circumstances not
 imaginary, trifling and whimsical ones. . . .
 [I]t is the employee's responsibility to do
 what is necessary and reasonable in order to
 remain employed.

 [Domenico, supra, 192 N.J. Super. at 288
 (citations omitted).]

 However, N.J.S.A. 43:21-5(j) provides an exception to an

ineligibility determination for victims of domestic violence as

follows:

 Notwithstanding any other provisions of
 this chapter . . . , no otherwise eligible
 individual shall be denied benefits because
 the individual left work or was discharged due
 to circumstances resulting from the individual
 being a victim of domestic violence as defined
 in [N.J.S.A. 2C:25-19(c)]. . . .

 For the purposes of this subsection . . . ,
 the individual shall be treated as being a
 victim of domestic violence if the individual
 provides one or more of the following:

 (1) A restraining order or other
 documentation of equitable relief issued by a
 court of competent jurisdiction;

 (2) A police record documenting the domestic
 violence;

 7 A-4455-15T4
 (3) Documentation that the perpetrator of the
 domestic violence has been convicted of one
 or more of the offenses enumerated in
 [N.J.S.A. 2C:25-19];

 (4) Medical documentation of the domestic
 violence;

 (5) Certification from a certified Domestic
 Violence Specialist or the director of a
 designated domestic violence agency that the
 individual is a victim of domestic violence;
 or

 (6) Other documentation or certification of
 the domestic violence provided by a social
 worker, member of the clergy, shelter worker
 or other professional who has assisted the
 individual in dealing with the domestic
 violence.

 "Domestic violence" includes terroristic threats or "[a]ny

other crime involving risk of death or serious bodily injury to a

person protected under the 'Prevention of Domestic Violence

Act[.]'" N.J.S.A. 2C:25-19(a). The recent amendments to the Act,

which became effective August 10, 2015, expanded the protections

afforded under the Act and expanded the definition of those

protected under the Act by changing the phrase "former household

member" to include a person subjected to domestic violence by any

person who "was at any time a household member." See L. 2015, c.

98, § 2, eff. Aug. 10, 2015. Recently, we held that the new

definition widened the net of cases falling within the Act's

 8 A-4455-15T4
jurisdiction. R.G. v. R.G., 449 N.J. Super. 208, 219-20 (App.

Div. 2017).

 Clearly, Moore qualifies as a victim of domestic violence

under the current definition contained in N.J.S.A. 2C:25-19(d).

However, applying the pre-amendment definition, the Board

concluded that Moore did "not meet the requirements laid out to

be classified as a 'victim of domestic violence'" because she

testified that "the mother of her grandchildren had never had a

permanent residence with her." We conclude the Board

misinterpreted the Act when it found that Moore did not qualify

as a victim of domestic violence. Because Moore qualifies as a

victim of domestic violence, as she had been a household member

with her grandchildren's mother, the issue then becomes whether

the police report submitted to support her claim was sufficient

documentation as required under N.J.S.A. 43:21-5(j)(2). Because

the Board did not address that issue, a remand is warranted for

the Board to develop the record further and reconsider Moore's

eligibility for unemployment benefits.1

1
 Noting that it was "academic," the Tribunal also determined that
Moore's "work search since filing her claim for benefits [was] not
active as required by unemployment law to avoid an ineligibility"
determination. Because this determination was not the primary
basis for the Board's decision, we take no position on the impact
that such a determination would have on Moore's eligibility for
benefits.

 9 A-4455-15T4
 The Board's decision is vacated and the matter is remanded

for further proceedings consistent with this opinion. We do not

retain jurisdiction.

 10 A-4455-15T4