**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3455-17T3

VINCENT M. RICCORDELLA,

     Appellant,

v.

BOARD OF REVIEW, and
INTERNATIONAL FIDELITY
INSURANCE CO.,

     Respondents.

_____

Submitted April 4, 2019 – Decided April 17, 2019

Before Judges Simonelli and Whipple.

On appeal from the Board of Review, Department of Labor and Workforce Development, Docket No. 047,455.

Vincent M. Riccordella, appellant pro se.

Gurbir S. Grewal, Attorney General, attorney for respondent Board of Review (Melissa Dutton Schaffer, Assistant Attorney General, of counsel; Alexis F. Fedorchak, Deputy Attorney General, on the brief).

Respondent International Fidelity Insurance has not filed a brief.

PER CURIAM

Appellant Vincent Mark Riccordella appeals from the March 23, 2018 final decision of respondent Board of Review (Board) affirming the February 1, 2018 decision of the Appeal Tribunal that appellant was discharged from his employment as a result of gross misconduct connected with the work, within the meaning of N.J.S.A. 43:21-5(b), and must refund unemployment benefits he improperly received in accordance with N.J.S.A. 43:21-16(d). We affirm.

We derive the following facts from the record. On January 15, 2009, appellant began his employment with International Fidelity Insurance Company (IFIC) as a consultant. IFIC permanently hired him on March 30, 2009 as a Senior Vice President Risk Management, and promoted him to Chief Financial Officer on July 1, 2009.

In March 2014, IFIC discovered an accounting irregularity and retained an accounting firm to conduct a forensic investigation. The investigation revealed that appellant had transferred over one million of IFIC's funds to accounts held in his name and/or the names of companies he solely owned. The investigation did not reveal any business reason for these transfers or any

legitimate reasons for money to go from IFIC into these accounts. As a result of the investigation, IFIC terminated appellant on March 28, 2014 for gross misconduct. Appellant did not return the money he transferred. IFIC filed a civil action against appellant, which the court dismissed with prejudice after the parties entered into a confidential settlement agreement.

On March 30, 2014, appellant filed a claim for unemployment benefits. The Deputy Assistant Commissioner (Deputy) found appellant was disqualified for unemployment benefits as of March 23, 2014, because he was discharged for theft by deception.

Appellant appealed to the Appeal Tribunal. The Appeal Tribunal held a hearing on July 17, 2015, at which IFIC failed to appear. The Appeal Tribunal found appellant was not disqualified under N.J.S.A. 43:21-5(b), nor liable for a refund of $4452 under N.J.S.A. 43:21-16(d). IFIC appealed the Appeal Tribunal's decision to the Board. The Board remanded the matter to the Appeal Tribunal.

The Appeal Tribunal held a hearing on March 31, 2016, at which IFIC presented the facts stated above. Appellant denied he made the transfers. The Appeal Tribunal thereafter affirmed the Deputy's decision that appellant was

disqualified for unemployment benefits as of March 23, 2014, and held him liable for a refund of $4452.

What happened thereafter is set forth in our opinion in Riccordella v. Board of Review, No. A-4701-15 (App. Div. July 21, 2017), and need not be repeated here. Ultimately, the Appeal Tribunal held another hearing on January 16, 2018. At the hearing, appellant admitted he transferred over one million of IFIC's funds into accounts he owned and controlled, but claimed he did so "with the full knowledge of senior management of the company" and "was authorized to do whatever [he] needed to do with the money per an investment agreement." He testified he made the transfers in complicity with senior management in order to subvert State regulations and avoid the scrutiny of financial regulators so as not to adversely affect IFIC insurance rates.

The Appeal Tribunal affirmed the Deputy's decision. The Appeal Tribunal rejected appellant's explanation for the transfers and concluded he was disqualified for benefits under N.J.S.A. 43:21-5(b) because he was discharged for gross misconduct connected with the work, namely committing an act punishable under N.J.S.A. 2C:20-3 (theft by unlawful taking or disposition) and N.J.S.A. 2C:21-4.6 (insurance fraud). The Appeal Tribunal held appellant liable for a refund of $4452.

A-3455-17T3

Appellant appealed to the Board. The Board affirmed the Appeal Tribunal on the record below. This appeal followed.

On appeal, appellant contends the Board's decision constituted harmful error because the Appeal Tribunal erroneously relied on N.J.S.A. 2C:21-4.6 with no support in the record that appellant committed insurance fraud. Appellant also contends the Board's decision was arbitrary, capricious and unreasonable; he was denied due process by the Board's bias and prejudice and inclusion of evidence into the record without his knowledge; and the Board missed the deadline to submit the statement of items comprising the record.

Our review of the Board's decision is limited. Brady v. Bd. of Review, 152 N.J. 197, 210 (1997). "[I]n reviewing the factual findings made in an unemployment compensation proceeding, the test is not whether [we] would come to the same conclusion if the original determination was [ours] to make, but rather whether the factfinder could reasonably so conclude upon the proofs." Ibid. (quoting Charatan v. Bd. of Review, 200 N.J. Super. 74, 79 (App. Div. 1985)). "If the Board's factual findings are supported 'by sufficient credible evidence, [we] are obliged to accept them.'" Ibid. (quoting Self v. Bd. of Review, 91 N.J. 453, 459 (1982)). We also defer to the Board's credibility findings. Logan v. Bd. of Review, 299 N.J. Super. 346, 348 (App. Div. 1997).

Unless the Board's action was arbitrary, capricious, or unreasonable, [its] ruling should not be disturbed." Brady, 152 N.J. at 210. Applying these standards, we discern no reason to reverse the Board's decision.

An employee shall be disqualified for benefits:

> For the week in which the individual has been suspended or discharged for misconduct connected with the work, and for the five weeks which immediately follow that week, as determined in each case.
>
> . . . .
>
> If the discharge was for gross misconduct connected with the work because of the commission of an act punishable as a crime of the first, second, third or fourth degree under the "New Jersey Code of Criminal Justice," [N.J.S.A. 2C:1-1 to -104-9], the individual shall be disqualified in accordance with the disqualification prescribed in subsection (a) of this section and no benefit rights shall accrue to any individual based upon wages from that employer for services rendered prior to the day upon which the individual was discharged.
>
> [N.J.S.A. 43:21-5(b).]

N.J.S.A. 2C:20-3 provides as follows:

> a. Movable property. A person is guilty of theft if he unlawfully takes, or exercises unlawful control over, movable property of another with purpose to deprive him thereof.

b. Immovable property. A person is guilty of theft if he unlawfully transfers any interest in immovable property of another with purpose to benefit himself or another not entitled thereto.

That the Appeal Tribunal relied on N.J.S.A. 2C:21-4.6 is no reason to reverse. There is sufficient credible evidence in the record to support the Board's determination that appellant was discharged for gross misconduct connected with the work by committing an act that was punishable under N.J.S.A. 2C:20-3. The Board accepted the Appeal Tribunal's finding that appellant's explanation for the transfers was not credible and that credibility determination is entitled to deference. Logan, 299 N.J. Super. at 348. We are satisfied there is sufficient competent credible evidence supporting the Board's decision, and the decision is not arbitrary, capricious or unreasonable.

To the extent we have not specifically addressed any of appellant's arguments, we conclude they are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3455-17T3