## NOT FOR PUBLICATION WITHOUT THE
## APPROVAL OF THE APPELLATE DIVISION

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4991-17T4

CHRISTOPHER R. CONNOLLY,

     Appellant,

v.

BOARD OF REVIEW,
DEPARTMENTOF LABOR and
LOWE'S HOME CENTERS, LLC,

     Respondents.

_____

Submitted July 9, 2019 – Decided November 15, 2019

Before Judges Nugent and Accurso.

On appeal from the Board of Review, Department of Labor, Docket No. 138,490.

Christopher R. Connolly, appellant pro se.

Gurbir S. Grewal, Attorney General, attorney for respondent Board of Review (Melissa Dutton Schaffer, Assistant Attorney General, of counsel; Andy Jong, Deputy Attorney General, on the brief).

Respondent Lowe's Home Centers, LLC has not filed a brief.

PER CURIAM

Claimant, Christopher R. Connolly, appeals from a final decision of the Board of Review (Board) that upheld his disqualification for unemployment benefits based on termination of his employment from Lowe's Home Centers, LLC (Lowe's) for severe misconduct connected with the work. Because the Appeal Tribunal's and Board's decisions turned on the Appeal Tribunal's credibility determination, that determination is amply supported by evidence in the record, and the final decision is not arbitrary, capricious, or unreasonable, we affirm.

Claimant was employed by Lowe's from January 30, 2010 through October 26, 2016, when he was discharged for misconduct. Following his discharge, he filed a claim for unemployment benefits, and a Deputy Director determined he was eligible to receive them. Lowe's filed an administrative appeal. The Appeal Tribunal conducted a telephonic hearing in which only Lowe's participated. The Appeal Tribunal determined claimant was ineligible for benefits. Claimant appealed to the Board, which remanded the matter for a hearing because claimant had shown good cause for his failure to appear. The Appeal Tribunal conducted another hearing in which both claimant and Lowe's participated.

Lowe's discharged claimant for an alleged theft. Specifically, a customer who exchanged merchandise was entitled to a refund of $19.50. Claimant completed the transaction and the refund amount was placed on a store merchandise card. When claimant completed the transaction, the customer was no longer in the store. Rather than mail the store merchandise card to the customer, claimant used it in conjunction with a discount card to purchase snack items. After personnel at Lowe's became aware of the transaction, they confronted claimant, who signed a statement admitting to the $19.50 loss to the employer and a promissory agreement to pay restitution in that amount. Although claimant repaid the money, Lowe's discharged him.

Claimant admitted that he prepared the store merchandise card. He put it in a folder in his drawer. Later, he removed the folder, along with a number of other folders for appointments he had scheduled, and put them in the trunk of his car. The refund card fell out in his trunk, and by the time he next saw the customer he forgot about the refund card.

Claimant later found the card in the trunk of his car. Because Lowe's had given him gift cards in the past to reward performance, he brought the card into the store and had it checked to determine whether it was valid and whether it belonged to anyone. He was told it was valid for $19.50.

A-4991-17T4

In rebuttal, the Lowe's representative explained that a balance inquiry on a merchandise card will only show the amount remaining on the card. The representative also testified that gift cards employees receive for performance look completely different than store merchandise cards issued to customers. One says "gift card," the other says "merchandise credit."

In his decision, the Appeals Examiner noted N.J.S.A. 43:21-5(b), which provides in part that an individual is disqualified for benefits "[f]or the week in which the individual has been suspended or discharged for severe misconducted connected with the work, and for each week thereafter until the individual becomes reemployed and works four weeks in employment . . . ."[1] The Appeals Examiner found "claimant's actions of theft to be malicious and a deliberate disregard of the standards an employer has a right to expect of their employee." The Examiner based his decision on the undisputed facts that claimant never apprised the customer of the refund, merchandise cards used for customer refunds looked different than store gift cards issued for performance awards, and claimant admitted in the promissory agreement he signed that he had caused a loss of $19.50.

---

[1] The language in the statute has since been amended.

A-4991-17T4

Claimant appealed to the Board, which upheld the Appeal Tribunal's decision. On appeal, claimant reiterates the position he testified to during the Appeal Tribunal hearing. He insists he had no malice or false intentions. He notes he had been employed for seven years and there is no way he would jeopardize the salary he was earning at Lowe's for $19.50.

Claimant emphasizes that during the period of time when the conduct occurred, he was suffering from severe undiagnosed back pain and had been out of work for approximately one month before he was finally diagnosed with diverticulitis. He reiterates that he put the refund merchandise card into the customer's folder and placed it in a filing cabinet. The next time he went to see the customer, he placed the customer's folder in the trunk of his car and the card must have fallen out. When he eventually found it in the trunk of his car, he had forgotten it was a refund and believed it was a reward for his performance, as he had received similar cards in the past.

Our standard of review of the Board's decision does not permit us to independently review and reassess the findings of fact and credibility determinations that the Appeals Examiner made. Rather, our scope of review of the Board's final decision is limited. See In re Stallworth, 208 N.J. 182, 194 (2011). We will not disturb an agency's ruling unless it is arbitrary, capricious,

or unreasonable.  <u>Brady v. Bd. of Review</u>, 152 N.J. 197, 210 (1997).  When we "'review[] the factual findings made in an unemployment compensation proceeding, the test is not whether [we] would come to the same conclusion if the original determination was [ours] to make, but rather whether the factfinder could reasonably so conclude upon the proofs.'"  <u>Ibid.</u> (quoting <u>Charatan v. Bd. of Review</u>, 200 N.J. Super. 74, 79 (App. Div. 1985)).  We "must . . . give due regard to the opportunity of the one who heard the witnesses to judge their credibility."  <u>Logan v. Bd. of Review</u>, 299 N.J. Super. 346, 348 (App. Div. 1997) (citation omitted).  For those reasons, "[i]f the factual findings of an administrative agency are supported by sufficient credible evidence, [we] are obliged to accept them."  <u>Self v. Bd. of Review</u>, 91 N.J. 453, 459 (1982) (citation omitted).

After careful consideration of claimant's contentions and a thorough review of the record, we are satisfied there is adequate, substantial, and credible evidence to support the Board's determination.  Thus, applying the standard that guides our review of the Board's final determination, we affirm.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

6

A-4991-17T4