**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2945-18T3

JESSICA SOTO,

     Petitioner-Appellant,

v.

BOARD OF REVIEW,
DEPARTMENT OF LABOR
AND CAMDEN PORT
SERVICES, INC.,

     Respondent-Respondent.

_____

Submitted May 6, 2020 – Decided June 24, 2020

Before Judges Koblitz and Whipple.

On appeal from the State of New Jersey Board of Review, Docket No. 168,774.

Jessica Soto, appellant pro se.

Gurbir S. Grewal, Attorney General, attorney for respondent (Donna Sue Arons, Assistant Attorney General, of counsel; Dipti Vaid Dedhia, Deputy Attorney General, on the brief).

Respondent Camden Port Services, Inc. has not filed a brief.

PER CURIAM

Claimant Jessica Soto appeals from a February 6, 2019 final decision of the Board of Review (Board) dismissing her appeal of the Appeal Tribunal's (Tribunal) adverse ruling dismissing her appeal because it was filed subsequent to the expiration date of the statutory period. We reverse.

Claimant applied for unemployment benefits, believing she was terminated from her employment on Wednesday, October 31, 2018. She received a determination from the Deputy of the Division of Unemployment Benefits on November 19, 2018, imposing a disqualification for benefits from October 28, 2018, on the ground that she left work voluntarily without good cause attributable to such work. She appealed that determination to the Tribunal, mailing it on December 1, 2018, and participated in a telephone hearing on January 2, 2019.

According to her telephone testimony, claimant lived in the city of Salem and worked at Camden Port Services from April 6, 2018, to October 26, 2018, as a wrapper and stamper. She was dependent on a friend for a ride to work every day. Claimant called out of work on Monday, October 29, because she was sick. The next day, claimant's friend's car was repossessed, so claimant

2

called out of work again because she did not have a ride. Her employer told her to come in on Wednesday for a meeting, which she did after finding a ride from another friend. Through the following testimony, claimant explained how she was separated from her job:

> So I went in Wednesday for my meeting and every time I tried to speak to [the supervisor], he would cut me off and yell at me and tell me [t]o wait for him to be done talking. So every time I thought he was done talking, I would speak and he would start to say wait, I'm not done talking. So after—he just kept asking me questions and I tried to reply, he would just tell me he wasn't done and then he just sat there and asked me well are you gonna be able to come to work? I said I'm gonna try to get a ride from whoever I can until my ride gets her car back. Well that's not saying that you're gonna be here every day. I was like well I 'm not saying that I won't be here. I'm gonna try and get a ride here. If I can't make it, I'm gonna call and let you know. He just got very ignorant and rude and told me he didn't care about my situation and bye and he said it real ignorantly. So when somebody tells me bye, in my eyes that's bye get out of my office. You're done.

Claimant did not ask if she was being discharged. She testified that she asked her supervisor "[do] you want me to leave and he was just like bye, bye." She never received a discharge letter.

The Tribunal examiner asked claimant when she received the disqualification notice that was mailed to her November 15, 2018, and claimant replied she received it on November 19. The examiner asked her if she read the

appeal instructions carefully, to which claimant replied she did. The examiner then asked why she waited until December 1, to send the appeal. Claimant testified:

> Well at first I really didn't understand the appeal. So I had to go ask for help and then once I was explained, I wrote my appeal and when I was gonna go to the mailbox that Saturday, it was closed by the time I got there. So I had to wait till Monday to mail my letter out.

When the examiner asked what exactly claimant did not understand about the appeal, claimant answered:

> About the appeal like I didn't understand that what do I write about an appeal? I've never done this before. So I never had to write an appeal about anything . . . . So I really didn't understand what I had to do and you know a lot of people need to see the paper to be able to explain it to me so I understand it better.

The subsequent exchange in the record reflects claimant could neither explain nor recall specifically what she did not understand. When pressed by the examiner about whether she read and understood the instructions, claimant repeated, "I didn't—no. I didn't understand those if I didn't do it right." Claimant testified she had no car, no computer, no envelope or stamp, and no money and "had to wait [until] I could get a ride to the post office and get $1.30 to send it."

A-2945-18T3

Following the January 2, 2019 hearing, the Tribunal mailed its decision the same day, denying claimant's appeal based on the following findings:

> The Deputy mailed a determination to [the claimant's] address of record on [November 15, 2018]. The claimant received the determination on [November 19, 2018]. The claimant submitted her appeal, via postmarked envelope, on [December 1, 2018]. The appeal was not filed earlier for two [] reasons. She did not read her appeal instructions. Also, the claimant did not understand the reason for her disqualification.
>
> . . . .
>
> N.J.S.A. 43:21-6(b)(1) provides that an appeal must be filed within ten [] days of the mailing of the determination, or within seven [] days of the receipt of the determination. In this matter, the appeal was filed twelve [] days after the date of receipt based upon both the claimant's failure to read the appeal instructions, and her confusion regarding the reason for the disqualification. Neither of these circumstances reflect good cause for the appeal being filed late.

Claimant appealed the Tribunal's decision to the Board, and the Board affirmed the dismissal. This appeal followed.

Our review of administrative agency decisions is limited. Brady v. Bd. of Review, 152 N.J. 197, 210 (1997) (citing Pub. Serv. Elec. v. N.J. Dep't of Envtl. Prot., 101 N.J. 95, 103 (1985)). "[I]n reviewing the factual findings made in an unemployment compensation proceeding, the test is not whether [we] would come to the same conclusion if the original determination was [ours] to make,

5

but rather whether the factfinder could reasonably so conclude upon the proofs." Ibid. (quoting Charatan v. Bd. of Review, 200 N.J. Super. 74, 79 (App. Div. 1985)). "If the Board's factual findings are supported 'by sufficient credible evidence, [we] are obliged to accept them.'" Ibid. (quoting Self v. Bd. of Review, 91 N.J. 453, 459 (1982); Goodman v. London Metals Exch., Inc., 86 N.J. 19, 28-29 (1981)). We also give due regard to the agency's credibility findings. Logan v. Bd. of Review, 299 N.J. Super. 346, 348 (App. Div. 1997) (citing Jackson v. Concord Co., 54 N.J. 113, 117 (1969)). Unless the agency's action "was arbitrary, capricious, or unreasonable, the agency's ruling should not be disturbed." Brady, 152 N.J. at 210. Applying these standards, we reverse.

Based on our review of the record, we cannot conclude the Board's finding that claimant's appeal was properly dismissed in accordance with N.J.S.A. 43:21-6(b)(1) is supported by sufficient credible evidence in the record. The Tribunal's finding that claimant did not read the appeal instructions is not what claimant said during her sworn hearing testimony. To the contrary, the transcript reveals she consistently said she did not understand what she read and that she needed to seek out help to understand it, not that she did not read it.

Dismissal is vacated, and the matter is remanded for consideration of merits. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

7 A-2945-18T3