**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5503-18

BRIAN L. TAYLOR,

      Appellant,

v.

BOARD OF REVIEW,
DEPARTMENT OF LABOR,
and AM RETAIL GROUP, INC.,

      Respondents.

_____

Argued September 14, 2021 – Decided September 29, 2021

Before Judges Currier, DeAlmeida, and Smith.

On appeal from the Board of Review, Department of Labor, Docket No. 181,020.

Brian L. Taylor, appellant, argued the cause pro se.

Rimma Razhba, Deputy Attorney General, argued the cause for respondent Department of Labor (Andrew J. Bruck, Acting Attorney General, attorney; Sookie Bae-Park, Assistant Attorney General, of counsel; Rimma Razhba, on the brief).

PER CURIAM

Petitioner Brian L. Taylor (Taylor) appeals from the final decision of the Department of Labor Board of Review (Board) disqualifying him for unemployment benefits due to Taylor's employer terminating him for cause. For the reasons set forth below, we affirm.

On September 26, 2018, Taylor began part-time employment as a sales associate for AM Retail. On April 11, 2019, Taylor witnessed a hostile confrontation between two co-workers that left one worker visibly upset. Shortly thereafter, in front of his supervisor and co-workers, Taylor told one of the co-workers, "[i]f you did anything to upset [the other worker], I'll fucking flip you over and break your fucking neck." AM Retail's applicable employee policy handbook had a code of conduct provision, which prohibited "[a]ll forms of unlawful conduct, including threatening or intimidating behavior, threats, assaults or violence of any kind in [the] workplace." It further stated an employee could be immediately discharged for such infractions. AM Retail's store manager sent Taylor home. One day after sending him home, AM Retail fired Taylor.

Taylor filed a claim for unemployment benefits on April 12, 2019. On May 1, 2019, a Board deputy disqualified Taylor from receiving unemployment benefits between April 7, 2019 and May 18, 2019 because he was discharged

2

due to misconduct at work. The deputy found Taylor's employer informed him of the company policy and that his actions constituted "a willful and deliberate disregard of the standards of behavior [which AM Retail] had a right to expect." Taylor appealed the deputy's determination to the Appeal Tribunal (Tribunal) on May 8, 2019.

The Tribunal conducted an initial hearing on May 30, 2019. Taylor and his manager testified. Taylor admitted to threatening his co-worker's safety. Taylor testified that he did not receive any warnings from his employer before he was fired, and also alleged that he was discriminated against based on his age.

Taylor's manager cited AM Retail's employee handbook, which permits managers to terminate employees without progressive discipline for threatening or intimidating behavior in the workplace. Taylor's manager also noted that Taylor had never received any previous warnings, but that Taylor's conduct on April 11 was a terminable offense.

The Tribunal's initial decision was rendered on June 7, 2019. It found that Taylor made a threatening remark to his co-worker and rejected Taylor's contention that he was not properly trained by AM Retail. In its initial decision the Tribunal noted that "it [was] not reasonable to believe that [Taylor] would

3

need to receive a handbook stating that threatening another employee violated company policy." The Tribunal concluded that Taylor's actions constituted misconduct under N.J.S.A. 43:21-5(b) and disqualified him from receiving unemployment benefits between April 7, 2019 and May 18, 2019.

Taylor appealed the initial decision. On July 31, 2019, the Board adopted the Tribunal's findings and issued its final decision confirming disqualification. Taylor appealed the final decision, arguing several points, only two of which are cogent enough to be addressed here. First, Taylor argues that he did not receive an employee handbook or "training guide" and was never counseled in advance regarding what were "terminable offenses" by his employer, AM Retail. Second, Taylor argues that AM Retail discriminated against him on the basis of age when they fired him.

The scope of our review of an administrative agency's final determination is strictly limited. Brady v. Bd. of Review, 152 N.J. 197, 210 (1997). The agency's decision may not be disturbed unless shown to be arbitrary, capricious, or unreasonable, or inconsistent with the applicable law. Ibid.; see In re Warren, 117 N.J. 295, 296-97 (1989). "If the Board's factual findings are supported 'by sufficient credible evidence, courts are obliged to accept them.'" Brady, 152 N.J. at 210 (quoting Self v. Bd. of Review, 91 N.J. 453, 459 (1982)). Thus, "[i]n

reviewing the factual findings made in an unemployment compensation proceeding, the test is not whether an appellate court would come to the same conclusion if the original determination was its to make, but rather whether the fact finder could reasonably so conclude upon the proofs." Ibid. (alteration in original) (quoting Charatan v. Bd. of Review, 200 N.J. Super. 74, 79 (App. Div. 1985)). We "must . . . give due regard to the opportunity of the one who heard the witnesses to judge their credibility." Logan v. Bd. of Review, 299 N.J. Super. 346, 348 (App. Div. 1997) (citation omitted).

The adjudication of claims for misconduct connected with the work is specifically governed by N.J.A.C. 12:17-10.1 to -10.8. In Silver v. Bd. of Review, 430 N.J. Super. 44 (App. Div. 2013), we traced the history of statutory misconduct disqualification. Silver defines simple misconduct as "wil[l]fulness, deliberateness, intention, and malice." Id. at 58. We have held "'intention[]' and 'malic[e]' as used in the regulation . . . include[s] deliberate disregard of the employer's rules or policies, or deliberate disregard of the standards of behavior that the employer has the right to expect of an employee." In re N.J.A.C. 12:17-2.1, 450 N.J. Super. 152, 162 (App. Div. 2017) (emphasis in original) (quoting Silver, 430 N.J. Super. at 56).

The Board's regulations concerning discharge for misconduct read as follows:

> An individual shall be considered to have been discharged for an act of misconduct where it is established that he or she has committed an act of "misconduct" and met one of the following:
>
> 1. Refused without good cause to comply with instructions from the employer, which were lawful, reasonable, and did not require the individual to perform services beyond the scope of his or her customary job duties;
>
> 2. Acted beyond the expressed or implied authority granted to the individual by the employer; or
>
> 3. Violated a reasonable rule of the employer which the individual knew or should have known was in effect.
>
> [N.J.A.C. 12:17-10.5(a).]

Taylor argues that the Board was arbitrary and capricious because AM Retail never issued him a handbook warning that he could be fired for threatening a fellow employee. This argument misses the point. Taylor admitted that he threatened the safety of his co-worker while at work. Whether AM Retail issued a handbook or not, he knew or should have known that

A-5503-18

threatening another employee at work would constitute a firing offense. N.J.A.C. 12:17-10.5(a)(3).

Taylor also alleges age discrimination. We express no opinion regarding the timeliness or substance of Taylor's discrimination claim except to note that the Board of Review is not the proper forum. See Rodriguez v. Raymours Furniture Co., Inc., 225 N.J. 343, 358 (2016) (stating "to pursue relief under the LAD, a person alleging discrimination can file a complaint with the [New Jersey Division on Civil Rights] within six months of the cause of action or file a direct suit in the Superior Court within two years"); N.J.S.A. 10:5-13; N.J.S.A. 10:5-18; see Garfinkel v. Morristown Obstetrics & Gynecology Assocs., P.A., 168 N.J. 124, 131 (2001) (an "employee may pursue an administrative remedy by filing a verified complaint with the [New Jersey Division on Civil Rights], or [they] may file suit in the Law Division of the Superior Court.").

Taylor next posits several arguments that were not raised in the agency proceedings. Generally, with few exceptions, this court may decline to consider questions or issues not properly raised before the Board. Zaman v. Felton, 219 N.J. 199, 226-27 (2014); Nieder v. Royal Indem. Ins. Co., 62 N.J. 229, 234 (1973). Because Taylor's remaining arguments lack sufficient merit to warrant discussion in a written opinion, R. 2:11-3(e)(1)(E), we exercise that prerogative.

A-5503-18

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

8