DEVILLEZ *v.* REVIEW BOARD OF THE INDIANA EMPLOY-MENT SECURITY DIVISION ET AL.

[No. 20,024.   Filed February 17, 1965.]

*Frank M. Fish,* of Evansville, for appellant.

*Edwin K. Steers,* Attorney General, and *Keith Campbell,* Deputy Attorney General, for appellee, Review Board of Indiana Employment Security Division.

MOTE, J.—Merle F. DeVillez, appellant herein, being denied his claim for unemployment by a Claims Deputy's determination, requested a hearing before a Referee, which was granted and resulted in the affirmation of the initial determination of the Claims Deputy. Appellant appealed to the Review Board upon the record of the hearing before the Referee.

The Review Board sustained the decision of the Referee, holding that claimant, appellant herein, had left his employment as a bicycle messenger for the Western Union Telegraph Company voluntarily and without good cause, and was disqualified from unemployment benefits for which he had applied. The statutory provision of the Indiana Employment Security Act involved in the determination of this case is Section 1501; §52-1539, Burns' 1964 Repl., which reads as follows:

"An individual shall be ineligible for waiting period or benefit rights: For the week in which he has left work voluntarily without good cause or has been discharged for misconduct in connection with his work, and for all weeks subsequent thereto until such individual has thereafter earned remuneration equal to not less than ten [10] times his weekly benefit amount in employment as defined in section 1508 [§52-1539g] hereof; Provided, however, That if such individual receives dismissal wages covering a period of time subsequent to such week the disqualification shall become effective at the end of such period. [Acts 1947, ch. 208, §1501, p. 673; 1957, ch. 261, §1, p. 615.]"

Thereafter on July 9, 1963, within the time allowed therefor, appellant filed the transcript and assignment

of errors with the Clerk of this Court and appellant has assigned the following error only:

"1. The decision of the Review Board is contrary to law."

Appellant contends that the facts found by the appellee Review Board are not sufficient to sustain the decision of the Board and, the evidence in this case is insufficient to sustain the findings of fact found by the appellee Review Board.

The findings and conclusions of the Review Board and decision thereon are as follow:

"FINDINGS AND CONCLUSIONS: Claimant had been employed by the above-named telegraph company as a bicycle messenger for almost eight years when, on Monday, October 29, 1962, a man who the claimant believed was, or formerly had been a foreman at the factory of Craddock Furniture Corporation (Indiana Employment Security Division Account No. 5867) had come by the claimant's house and told the claimant to come in on the following Monday because an employee was leaving Craddock's for the military service. On Thursday, November 1, 1962, claimant, who has an eighth grade education and is married, submitted his complete resignation (Company Form 3384) effective the same date, the claimant therein stating 'better job' as his reason for so resigning.

"On the following Sunday (November 4, 1962) the same man came by and informed claimant that the man at Craddock's was not going to the service and that claimant should not come into the plant on Monday. Claimant thereafter started looking for another job and did file a work application with the switchboard operator at Craddock's. The claimant did not apply to the above-named employer for rehire as a new employee because he preferred to 'stay off' and he believed he would be laid off in December anyway, which latter, however, was an unwarranted as-

sumption of the claimant. It would have availed the claimant nothing if he had applied for re-employment inasmuch as this employer would not have rehired the claimant, though the claimant evidently did not know this. The claimant's eagerness to secure other employment is understandable. And while the bona fide leaving of one's work to engage in other employment will void the disqualification of §1501 of the Act, any claimant necessarily must have some express, authoritative promise or concrete prospect of future employment before terminating present employment. In the instant case, the claimant's prospect of other employment was too vague to warrant his imprudently precipitous resignation. It is not evident that claimant could not easily have deferred his resignation until he had some more substantial assurance of employment at the furniture factory. The claimant's unemployment was the result of his own 'fault' (see §101, Burns', 52-1525), that is his unemployment was voluntary on his part. The claimant voluntarily left his work on November 1, 1962, without good cause within the meaning of §1501 of the Act.

"DECISION: The claimant having voluntarily left his work on November 1, 1962, without good cause, he is disqualified for benefits for the week ending November 3, 1962, until he has earned $360 in covered employment. The referee's decision is hereby affirmed this 23rd day of May, 1963."

Appellant alleges that the Review Board finds facts contrary to the undisputed evidence in that the Board found appellant applied for a job at the furniture factory after he had resigned his job and, assuming this fact, there might be a justification for the Review Board to find that appellant "believed" the man was, or "formerly had been", a foreman at the furniture factory, who told appellant to come to work.

However, appellant argues that the evidence shows the fact that claimant applied for a job with said furniture company prior to the time he voluntarily quit his

job. Appellant further contends that after making said application, someone from the furniture factory, claiming to be a foreman, came to appellant's house on Monday, October 29, 1962, and told appellant he was to start employment the following Monday, thus giving the appellant good cause to resign, voiding the disqualification of §1501 of the Indiana Employment Security Act.

From a study of the evidence it seems obvious that it must be conceded that appellant did make application with said furniture company prior to the time he was offered a job by the alleged foreman.

The question, however, that this Court must decide is whether there was sufficient evidence to show that appellant resigned voluntarily without good cause, in accordance with the decision of the Review Board.

It is the opinion of this Court that for one to resign from a job in reliance on a promise of other employment, that promise must have some express and authoritative prospect of future employment before terminating the present employment. In this case appellant's prospect of employment is based on the promise of a man whom appellant had never met and knew only by the name "Tiny", who claimed to be a foreman at the furniture factory, and who told appellant to "come in the following Monday, that a guy was going into service; that he was going into the Army or Navy, some kind of service." Thus appellant's prospect of other employment was too speculative and unauthoritative to justify his hasty resignation, in view of the fact that appellant had several days from the time of his promise of employment by the alleged foreman, in which he could have, and we feel should have as a reasonable man, made inquiry as to the authority of the alleged foreman to grant employment or, in the alternative, ap-

pellant could have requested further assurance from the furniture company itself.

In the case of *Adams et al.* v. *The Review Board of the Indiana Employment Security Division et al.* (1957), 237 Ind. 63, 143 N. E. 2d 564, the Indiana Supreme Court said:

" . . . the decision of the Board as to all questions of fact is conclusive and binding upon the court; and the court will not disturb the ■ decision of the Board 'unless reasonable men would be bound to reach a different conclusion on the evidence' in the record. . . . "

It is our opinion that the uncontradicted evidence in this case is sufficient to sustain the material findings of fact of the appellee Review Board and that the error in the findings of fact demonstrated by the appellant is insufficient to warrant reasonable men to reach a different conclusion from the evidence in the record. The material facts are sufficient to sustain the decision of the Board that appellant left his employment voluntarily and without good cause. The decision of the Review Board is affirmed.

Bierly, P. J., Hunter and Smith, JJ., concur.

NOTE.—Reported in 204 N. E. 2d 369.