JONES *v.* REVIEW BOARD OF
INDIANA EMPLOYMENT SECURITY DIVISION

[No. 1267A103. Filed June 27, 1968. No Petition for Rehearing filed.]

*Lloyd L. DeWester, Jr.,* and *Ross P. Walker,* of Indianapolis, for appellant.

*William E. Matheny,* Deputy Attorney General, of Indianapolis, for appellees.

COOPER, J.—This matter comes to us for a judicial review of a proceeding before the Review Board of the Indiana Employment Security Division (hereinafter referred to as The Review Board) to determine the eligibility of the claimant below, the Appellant herein, one George E. Jones, for benefits under the Indiana Employment Security Act (hereinafter referred to as the Act).

A condensed recital of the evidence in the record now before us reveals that the Appellant is a construction worker and was employed by F. M. Corporation until June 12, 1967. On June 12, 1967, he received an offer of employment as a construction worker for Westinghouse and was informed that the latter employer would have about seven months' work. Relying upon such representation, the Appellant left his employment with the employer, F. M. Corporation and commenced construction work with the employer Westinghouse on June 13, 1967. Thereafter, Appellant was laid off by employer Westinghouse on July 21, 1967.

Thereafter, on July 24, 1967, Appellant filed an initial claim for benefits. The local claims deputy held, in substance, that the Appellant *had good cause* to leave employment with F. M. Corporation, but that his wage credits were cancelled under Sec. 1501 of the Act, (Burns' Sec. 52-1539 as amended in 1967) for the reason that Appellant had not remained on the Westinghouse job for ten weeks. Upon this denial of his claim by the local Claims Deputy, the Appellant requested a hearing before a referee, which was granted and resulted in the affirmation of the original determination of the Claims Deputy, with the following holding:

"The deputy held that the claimant had good cause to quit his job on June 12, 1967, when he quit to accept other work. It appears he accepted his new employment on June 13, 1967, and that he worked until July 21, 1967, when he was laid off due to lack of work. Claimant's succeeding employment, however, did not last for ten weeks as required under the wage credit cancellation provision of Section 1501."

Thereafter, Appellant appealed to the Review Board which after reviewing the prior proceedings, entered the following pertinent finding and conclusions:

"STATEMENT OF FACTS: Claimant last worked for this employer on June 12, 1967, and left such work to accept other employment. He was laid off from the latter

employment on July 21, 1967, and filed an initial claim for benefits on July 24, 1967.

"FINDINGS AND CONCLUSIONS: The Review Board finds that claimant last worked for the employer herein on June 12, 1967.

"It is further found that claimant left such work voluntarily for the purpose of accepting permanent, full-time work with another employer.

"It is further found that claimant was employed on said job for approximately six weeks and was laid off.

"The Review Board concludes that claimant had good cause for voluntarily leaving work with the employer herein and does not incur a benefit deferment penalty for such leaving.

"It is further concluded that such voluntary leaving of work is without good cause attributable to the employer herein and claimant is ineligible for any waiting period or benefit rights based upon wages earned from the employer herein.

"It is further concluded that such canceled wage credits cannot be restored to claimant at this time as he did not remain on such subsequent employment for 10 weeks.

"DECISION: The decision of the referee is affirmed this 17th day of October, 1967."

The pertinent part of Section 52-1539, Burns' Indiana Statutes, as amended in 1967, the same being Chapter 310, Section 19, reads as follows:

"(1) If an individual leaves work voluntarily without good cause attributable to his employer for the purpose of accepting permanent, full-time work with another employer that offers reasonable expectation of betterment of earnings or working conditions, and thereafter was employed on said job for not less than ten (10) weeks, then upon his becoming unemployed under non-disqualifying circumstances any previously cancelled wages from the prior employment shall be restored to the individual and any benefits paid under these circumstances shall be paid from the fund and not charged to the experience account of any employer;".

The issue submitted by the Appellant's claim for benefits under the Act was, did he voluntarily quit his employment with good cause attributable to his employer. In order to qualify for benefits, and further, unless he had worked for a period of at least ten weeks for his new employer as provided in the foregoing section of the Act, he was not entitled to benefits. On this issue, the Appellant undertook the burden of proof. Therefore, it was incumbent upon him to exhibit to this Court on review that upon the evidence submitted to the Board, that he was denied relief by the Review Board to which he was entitled. See *Walton v. Wilhelm et al* (1950), 120 Ind. App. 218, 91 N. E. 2d 373.

In the determination of the foregoing issues, there were fact questions for the Review Board. As the fact finder, it was the duty of the Review Board, and its prerogative to weigh the evidence and to resolve any conflicts appearing in the evidence. Where, as in the case before us, the facts are not in dispute, their sole duty was to apply the applicable law to such undisputed facts. A realistic interpretation of the facts and circumstances in the evidence and the applying of the applicable law thereto is absolutely essential to the successful operation of the Act. It is our opinion that the uncontradicted evidence in the record now before us on review is sufficient to sustain the finding and conclusions of the Review Board, and unless the evidence is such that reasonable men would be found to reach a different result in their final determination, we are not at liberty to disturb the decision of the Review Board. *Walton v. Wilhelm, supra; DeVillez v. Review Bd. of Ind. Emp. Sec. Div., et al.* (1964), 136 Ind. App. 642, 647, 204 N.E. 2d 369.

The Appellant calls our attention to the social and the original intent of the Act in question. We agree with this aspect of the Appellant's contention. However, we cannot amend or by judicial construction change the clear mandate of the legislature as to the ten week provision, although we recognize the amendment places all

migratory and construction workers at a disadvantage in securing unemployment benefits. We are of the opinion that those interested in this type of employees seek their relief from the legislature in order to remedy this situation.

We do not believe there is any merit to the Appellant's contention that the amended section of the Act in question is unconstitutional. The decision of the Review Board is affirmed.

Carson, C.J., and Prime, J., concur.

Faulconer, J., concurs in the result.

NOTE.—Reported in 238 N. E. 2d 291.