149 N.J. Super. 35 (1977)
372 A.2d 1362
ROSEMARY DeSANTIS, APPELLANT,
v.
BOARD OF REVIEW, DEPARTMENT OF LABOR AND INDUSTRY, AND CITIZENS UNITED BANK, RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued February 28, 1977.
Decided March 22, 1977.
*37 Before Judges FRITZ, ARD and PRESSLER.
Mr. Connie M. Pascale argued the cause for appellant (Camden Regional Legal Services, Inc.).
Mr. Michael S. Bokar, Deputy Attorney General, argued the cause for respondent Board of Review, Department of Labor and Industry, State of New Jersey (Mr. William F. Hyland, Attorney General of New Jersey).
The opinion of the court was delivered by PRESSLER, J.A.D.
Petitioner Rosemary DeSantis appeals from the denial by the Board of Review of the Department of Labor and Industry of her claim for unemployment compensation pursuant to N.J.S.A. 43:21-1 et seq.
The Supervising Appeals Examiner, whose findings and conclusions were accepted by the Board of Review, denied petitioner benefits on essentially two grounds. The first *38 was based upon the finding that she had left her original job as a bank teller in the employ of respondent Citizens United Bank voluntarily and without good cause attributable to her work and was, therefore, disqualified for benefits by the provisions of N.J.S.A. 43:21-5(a). The second reason was based on the finding that her subsequent employment by the Bridgeton Apostolic Center (Center) did not toll the disqualification pursuant to that section of the statute because the Center itself is disqualified as an eligible employer by N.J.S.A. 43:21-19(i)(1)(D)(i). That provision excludes from eligible employment services performed
In the employ of (I) a church or convention or association of churches, or (II) an organization which is operated primarily for religious purposes and which is operated, supervised, controlled or principally supported by a church or convention or association of churches.
As to the first of these, we are satisfied that the findings of the appeals examiner were based on substantial credible evidence present in the record and should, therefore, not be disturbed by us. See Jackson v. Concord Co., 54 N.J. 113, 117-118 (1969); Close v. Kordulak Bros., 44 N.J. 589, 599 (1965). Essentially, the appeals examiner found that petitioner left her job primarily because of her disappointment in not receiving a hoped-for raise. Although her various supervisors had promised to recommend that she be given the raise, those recommendations apparently were either not made or not implemented. Absent a contractual obligation on the part of the employer with respect to salary increments, a circumstance not here present, an employee's frustration caused by not receiving an expected pay raise does not constitute good cause within the statutory intendment. Cf. Board of Review, &c. v. Kearfott Mfg. Corp., 46 N.J. Super. 39 (App. Div. 1957).
We are, however, satisfied that petitioner's subsequent employment by the Center was erroneously held not *39 to toll the disqualification which resulted from her voluntary termination of her bank employment.
The undisputed proofs before the Board of Review regarding the nature of the Center indicated that it is a social service agency organized by the Catholic Diocese of Camden and apparently operated under its aegis. Among its activities is a nondenominational community service assistance project for senior citizens residing in Cumberland County funded by the Federal Government. Petitioner's employment was as a community worker for the project. It is clear that the undertakings of the Center are eleemosynary and not religious. The Center is, therefore, not only not itself a church but it is also not an organization operated by a church "primarily for religious purposes." Cf. Presbyterian Homes v. Division of Tax Appeals, 55 N.J. 275, 284 (1970); Catholic Char., Dio. of Camden v. Pleasantville, 109 N.J. Super. 475, 480-482 (App. Div. 1970), certif. den., 56 N.J. 474 (1970).
The Board of Review candidly concedes on this appeal that the Center is not an ineligible employer pursuant to the church exclusion above quoted. It continues, however, to urge the ineligibility of that employment, now on the new ground here raised for the first time, that the employment itself is ineligible. It relies, for that argument, on N.J.S.A. 43:21-19(i) (7) (B), which provides that domestic services in a private home are exempt:
Provided that such services are also exempted under the Federal Unemployment Tax Act, as amended, or that contributions with respect to such services are not required to be paid into a State Unemployment Fund as a condition for a tax offset credit against the tax imposed by the Federal Unemployment Tax Act, as amended * * *
The factual basis for the argument is that petitioner's employment by the Center as a community worker was described, in a letter from its administrator, as including both "domestic and paradomestic services" for the elderly  such tasks as "light cleaning, washing, ironing, preparing nutritious *40 meals, and providing general and grocery shopping assistance," as well as "accompanying the client to clinic, doctors, etc., performing other tasks according to the clients [sic] needs and making referrals to other agencies when necessary."
Neither the state nor the federal unemployment tax act defines the phrase "domestic employment in a private home." See 26 U.S.C.A. 3306 (c)(2). The Federal Insurance Contributions Act does, however, for exemption purposes use the phrase "domestic employment in a private home of the employer." See 26 U.S.C.A. 3121(a)(7). The phrase as used in N.J.S.A. 43:21-19(i)(7)(B) not having been heretofore construed, we are inclined to accord it that import and to consequently hold that exempt domestic services are only those which are performed as an employee of the householder-employer. The exemption of the householder's direct employment and payment of domestic help from typical federal withholding and F.I.C.A. payroll regulations and practices strongly suggests that that is the private-home situation addressed by the Act here in question as well. Petitioner here was not employed by the householders for whom she performed the services, nor were those services exclusivly "domestic" within the usual common understanding of that term. She was employed by an agency in a manner essentially no different from its employment of social workers or other paraprofessionals. Her employment as a community worker for this federally-funded social service project does not, in our view, come within the terms nor the intendment of the domestic-service exemption.
We reverse and remand to the Board of Review for calculation of benefits based on petitioner's subsequent Center employment.