167 N.J. Super. 42 (1979)
400 A.2d 505
RIDER COLLEGE, A NONPROFIT CORPORATION OF THE STATE OF NEW JERSEY, APPELLANT,
v.
BOARD OF REVIEW, DEPARTMENT OF LABOR & INDUSTRY, STATE OF NEW JERSEY ET AL., RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Submitted March 5, 1979.
Decided March 22, 1979.
*44 Before Judges FRITZ, BISCHOFF and MORGAN.
Messrs. Jamieson, McCardell, Moore, Peskin and Spicer, attorneys for appellant (Mr. Randolph D. Norris on the brief).
Mr. John J. Degnan, Attorney General of New Jersey, attorney for respondent (Mr. Michael S. Bokar, Deputy Attorney General, of counsel; and Mr. Ivan J. Punchatz, Deputy Attorney General, on the brief).
PER CURIAM.
In this matter of first impression in New Jersey, we are asked to determine whether leaving work on a reasonable expectation of betterment constitutes a disqualification for unemployment compensation benefits under N.J.S.A. 43:21-5 as a voluntary quit without good cause attributable to the work.
*45 Respondent Christopher Duffy was employed by appellant Rider College for five years from 1972 to 1977 as Director of Special Sessions at a salary of $17.500 for the 1976-1977 school year. He made application for a position at Carthage College in Wisconsin, was interviewed and received appointment to the job by letter dated May 17, 1977 at an annual salary of $20,000. He accepted the appointment and resigned from Rider College effective July 31, 1977.
Respondent went to Wisconsin on June 6, 1977 to search for housing and discovered that the housing prices in Wisconsin were both higher than he expected and higher than he wanted to pay. After four days in Wisconsin he returned to New Jersey and terminated his relationship with Carthage College. Upon his return to New Jersey, respondent did not apply for his old position even though it had not been filled.
His application for unemployment insurance was denied by the deputy. He appealed to the Appeal Tribunal of the Division of Unemployment Disability Insurance which also held that he was not entitled to collect benefits in an opinion reading in part as follows:
Leaving work to accept other work is leaving without good cause attributable to such work only if the employment to which the claimant is going is substantially better employment. While the job which he accepted paid considerably more than he was receiving in his last employment, housing must be considered as a factor in the job offer. While he had made inquiries about housing prior to signing the contract, he had not contacted those persons who would have direct knowledge of the housing market, and when, after signing the contract, he did inquire of such persons he found there was no available housing at affordable prices. Therefore, the new employment which he accepted cannot be considered substantially better employment, and his leaving is without good cause attributable to such work. He is disqualified for benefits under R.S. 43:21-5(a) from July 31, 1977.
The Board of Review, on appeal, reversed the Appeal Tribunal and held claimant entitled to benefits, stating:
The claimant left work for what seemed to be a substantially more favorable position. If such is true he would not be subject to disqualification *46 for unemployment benefits. He had no reason to doubt the reliability of the information he received concerning the cost of a house. He was justified in accepting it. Therefore, he did not get the new job through no fault of his own. No disqualification arises.
Respondent's employer appeals from the final administrative determination holding respondent qualified for unemployment compensation benefits.
In 1961 the Legislature amended the Unemployment Compensation Law (L. 1961, c. 43, par. 3) to require that a leaving "voluntarily without good cause" must be "attributable to such work" in order to avoid the statutory disqualification for benefits. N.J.S.A. 43:21-5(a). White v. Board of Review, 146 N.J. Super. 268, 270 (App. Div. 1977). In determining whether a claimant is disqualified, courts have subsequently focused on the factors at work which cause a person to quit his employment. We have consistently held that causes personal to a claimant and not attributable to the work come within the disqualification of the statute. White v. Board of Review, supra at 270.
Personal reasons which we have held do not constitute good cause attributable to the work include: problems in commuting, Morgan v. Board of Review, 77 N.J. Super. 209, 214 (App. Div. 1962); frustration at not receiving an expected pay raise, DeSantis v. Board of Review, 149 N.J. Super. 35, 38 (App. Div. 1977); absence from work precipitated by relocation due to an intolerable home living situation, Roche v. Board of Review, 156 N.J. Super. 63, 65 (App. Div. 1978), and a voluntary quit because the duties of the work are detrimental to an existing physical condition or state of health which does not have a work-connected origin, Stauhs v. Board of Review, 93 N.J. Super. 451, 456 (App. Div. 1967).
The few courts in other jurisdictions that have considered the issue of whether a voluntary quit to obtain a better position constitutes good cause so as to qualify a claimant for unemployment compensation have reached divergent conclusions. Some courts (albeit with a different statutory base) *47 hold a claimant qualified for benefits if he shows more than a mere possibility of obtaining another, more lucrative job. Unemployment Compensation Bd. v. Pa. Power & Light Co., 23 Pa. Cmwlth. 220, 351 A.2d 698 (Comm. Ct. 1976). Other courts have taken a contrary view. Jones v. Review Board of Indiana Employment Div., 238 N.E.2d 291 (Ind. App. Ct. 1968); Harding v. Industrial Comm'n, 515 P.2d 95 (Colo. Sup. Ct. 1973). In some states this specific issue has been the subject of legislation. Examples are: Colorado, C.R.S. § 82-4-8(4)(g), Harding v. Industrial Comm'n, supra; Indiana, Burns Ann. St. §§ 52-1525 et seq., 52-1539, Jones v. Review Board of Indiana Employment Div., supra; and Iowa, Code Iowa 1954, § 96.5, I.C.A. 1(a), Raffety v. Iowa Employment Secur. Comm'n, 247 Iowa 896, 76 N.W.2d 787 (Sup. Ct. 1956).
While there may be situations where a voluntary quit to take a better position because of factors related to the work would constitute good cause attributable to the work, the burden of proving that the voluntary separation from employment meets the statutory test is upon the claimant. Zielenski v. Board of Review, 85 N.J. Super. 46 (App. Div. 1964); Morgan v. Board of Review, supra.
Our examination of the record in this case satisfies us that respondent has not carried the burden of showing a connection between his work for Rider College and the termination of his employment for that employer. The work for both colleges was in respondent's chosen field. The pay was comparable. There is nothing in the record to suggest any improvement in working conditions or fringe benefits in Wisconsin, nor is there any proof of intolerable working conditions at Rider College. The only reason suggested in the record for respondent's failure to take the position offered and remain at Carthage College is the high cost of housing close to the college or the excessive amount of commuting involved in purchasing affordable housing a substantial distance from the work.
*48 The advantages and disadvantages in the position offered at Carthage College may have constituted sufficient reason to motivate claimant to voluntarily quit Rider College, journey to Wisconsin and within four days return to New Jersey. However, those reasons are personal and in no way related to claimant's employment for Rider College.
A practical and substantial additional reason for retaining the rule of disqualification when the leaving is for personal reasons and for rejecting the interpretation of the statute suggested by the determination of the Board of Review appears from the very facts of this case. Here the Appeal Tribunal thought the position offered was not substantially better employment. The Board of Review disagreed. Neither could doubt that the leaving was for personal reasons.
The conclusion of the Board of Review, that leaving work to accept a "substantially more favorable position" does not constitute disqualification for benefits, does not comport with the statutory test which provides for payment of benefits in the case of a voluntary quit only if leaving the work is with good cause attributable to such work.
The final administrative determination of the Board of Review, that claimant is not disqualified for unemployment compensation benefits, is reversed.