**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4152-17T2

SUBHASH AGRAWAL,

      Appellant,

v.

BOARD OF REVIEW,
DEPARTMENT OF LABOR,
and PASSAIC VALLEY
SEWERAGE COMMISSION,

      Respondents.

_____

Submitted September 11, 2019 – Decided September 18, 2019

Before Judges Haas and Enright.

On appeal from the Board of Review, Department of Labor, Docket No. 140,827.

Subhash Agrawal, appellant pro se.

Gurbir S. Grewal, Attorney General, attorney for respondent Board of Review (Melissa H. Raksa, Assistant Attorney General, of counsel; Daniel Pierre, Deputy Attorney General, on the brief).

Respondent Passaic Valley Sewerage Commission has not filed a brief.

PER CURIAM

Appellant Subhash Agrawal appeals from the April 5, 2018 final decision of the Board of Review (Board), which affirmed the February 23, 2018 decision of the Appeal Tribunal that appellant was disqualified from receiving benefits pursuant to N.J.S.A. 43:21-5(a). The Board denied Agrawal's benefits, finding he left his employment at respondent Passaic Valley Sewerage Commission (PVSC) voluntarily without good cause attributable to the work. We affirm.

Agrawal was a chemist employed by PVSC from 1998 to the end of 2017. In 2016 and 2017, before his employment ended with PVSC, he received a number of disciplinary notices for violating personnel policies and procedures. The violations included "neglect of duty," "failure to perform duties," "incompetence or inefficiency" and "falsification of documents." In August 2017, Agrawal signed a "Last Chance Agreement," which outlined charges against him due to his misconduct. In paragraph 3 of that agreement, Agrawal admitted to the factual basis of the charges filed against him, and entered into this agreement in lieu of being discharged from PVSC. Essentially, he was given one "last chance" to correct his conduct. Unfortunately, since PVSC claimed his misconduct continued, PVSC advised Agrawal it would recommend his

termination. His potential termination was to be considered at an executive session in November 2017.

Instead of contesting the termination, Agrawal retained an attorney, tendered a resignation letter to PVSC acknowledging his last day of employment would be December 31, 2017, and entered into a settlement agreement with PVSC. The settlement agreement allowed him to retire, rather than be terminated. It also ensured he would receive severance pay and keep his pension and health benefits, as well as his accrued sick days and vacation time. PVSC further agreed not to interfere with Agrawal's pursuit of unemployment benefits.

In January 2018, Agrawal sought, but was denied, unemployment benefits. A Deputy of the Division of Unemployment and Disability Insurance determined that Agrawal resigned voluntarily and without good cause attributable to the work. Agrawal appealed this decision to the Appeal Tribunal but the Appeal Tribunal found he was disqualified for unemployment benefits since he left work voluntarily pursuant to the settlement agreement. Agrawal again appealed this determination but the Board affirmed the findings of the Appeal Tribunal. The present appeal followed.

Our review of an administrative agency decision is limited. Brady v. Bd. of Review, 152 N.J. 197, 210 (1997). "'[I]n reviewing the factual findings made

in an unemployment compensation proceeding, the test is not whether [we] would come to the same conclusion if the original determination was [ours] to make, but rather whether the factfinder could reasonably so conclude upon the proofs.'" Ibid. (quoting Charatan v. Bd. of Review, 200 N.J. Super. 74, 79 (App. Div. 1985)). "If the Board's factual findings are supported 'by sufficient credible evidence, [we] are obliged to accept them.'" Ibid. (quoting Self v. Bd. of Review, 91 N.J. 453, 459, (1982)). We also give due regard to the agency's credibility findings. Logan v. Bd. of Review, 299 N.J. Super. 346, 348 (App. Div. 1997). "Unless . . . the agency's action was arbitrary, capricious, or unreasonable, the agency's ruling should not be disturbed." Brady, 152 N.J. at 210.

"The underlying purpose of the Unemployment Compensation Law 'is to provide some income for the worker earning nothing because he is out of work through no fault or act of his own.'" Futterman v. Bd. of Review, 421 N.J. Super. 281, 288 (App. Div. 2011) (emphasis omitted) (quoting Brady, 152 N.J. at 212) (internal quotation marks omitted). A person is disqualified for benefits:

> For the week in which the individual has left work voluntarily without good cause attributable to such work, and for each week thereafter until the individual becomes reemployed and works eight weeks in employment . . . .

A-4152-17T2

[N.J.S.A. 43:21-5(a).]

An employee who has left work voluntarily has the burden of proving that he or she "did so with good cause attributable to work." Brady, 152 N.J. at 218; N.J.A.C. 12:17-9.1(c). "While the statute does not define 'good cause,' our courts have construed the statute to mean 'cause sufficient to justify an employee's voluntarily leaving the ranks of the employed and joining the ranks of the unemployed.'" Domenico v. Bd. of Review, 192 N.J. Super. 284, 287 (App. Div. 1983) (quoting Condo v. Bd. of Review, 158 N.J. Super. 172, 174 (App. Div. 1978)). N.J.A.C. 12:17-9.1(b) defines "good cause attributable to such work" as "a reason related directly to the individual's employment, which was so compelling as to give the individual no choice but to leave the employment."

An employee who leaves work for good, but personal, reasons is not deemed to have left work voluntarily with good cause. Brady, 152 N.J. at 213; Self, 91 N.J. at 457; Rider Coll. v. Bd. of Review, 167 N.J. Super. 42, 47-48 (App. Div. 1979). "'Mere dissatisfaction with working conditions which are not shown to be abnormal or do not affect health, does not constitute good cause for leaving work voluntarily.'" Domenico, 192 N.J. Super. at 288 (quoting Medwick v. Bd. of Review, 69 N.J. Super. 338, 345 (App. Div. 1961)). "'The decision to

5

leave employment must be compelled by real, substantial and reasonable circumstances . . . attributable to the work.'" Shuster v. Bd. of Review, 396 N.J. Super. 240, 244-45 (App. Div. 2007) (quoting Fernandez v. Bd. of Review, 304 N.J. Super. 603, 606 (App. Div. 1997)). "[I]t is the employee's responsibility to do what is necessary and reasonable in order to remain employed." Domenico, 192 N.J. Super. at 288.

Here, the Tribunal found Agrawal's possible discharge was contingent upon the outcome of the executive session. It also concluded Agrawal assumed he would be discharged, prompting him to sign the settlement agreement and retire. The Tribunal determined Agrawal left his job to avoid losing his pension and other benefits. Thus, it found Agrawal was disqualified for unemployment benefits under N.J.S.A. 43:21-5(a) and N.J.A.C. 12:17-9.1(e)(8).

Since Agrawal's termination was not a certainty, his decision to sign the final settlement agreement with PVSC was for a personal reason, not a reason so compelling that Agrawal had no choice but to leave. Thus, we are satisfied the determination that Agrawal was not terminated, but left work voluntarily without good cause attributable to the work is amply supported by substantial credible evidence in the record as a whole, and is not arbitrary, capricious or unreasonable.

A-4152-17T2

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

7