**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. <u>R.</u> 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3795-17T1

LORI HEWITT,

     Appellant,

v.

BOARD OF REVIEW,
DEPARTMENT OF LABOR,
and THE COMMUNITY
SCHOOL, INC.,

     Respondents.

_____

Submitted October 16, 2019 – Decided November 20, 2019

Before Judges Accurso and Gilson.

On appeal from the Board of Review, Department of Labor, Docket No. 129,360.

Leslie A. Farber, attorney for appellant.

Gurbir S. Grewal, Attorney General, attorney for respondent Board of Review (Donna Sue Arons, Assistant Attorney General, of counsel; Shareef M. Omar, Deputy Attorney General, on the brief).

Respondent The Community School has not filed a brief.

PER CURIAM

Appellant Lori Hewitt, formerly a teacher at the Community School, appeals from the final decision of the Board of Review disqualifying her from receipt of unemployment benefits because she left her job without good cause attributable to the work. We affirm.

Hewitt was a special education math teacher for six years. At the end of the 2016 school year, the school offered her a new annual contract for $52,399, which she rejected because a colleague was better compensated. In response, the school upped its offer to $55,317, tendering a revised contract for her signature. Hewitt met with the Director of Education, expressing displeasure with the higher offer. Hewitt testified before the appeal tribunal that she told the Director of Education she would not sign the contract and left the meeting without accepting it. Although she anticipated a further conversation with the Director of Program, a family emergency required her presence out-of-state for three weeks. When the original deadline for returning the executed contract passed, as well as the start of the new contract year, without any indication that Hewitt would rejoin the faculty for the 2016-2017 term, the school sent her a letter advising of her COBRA benefits.

2

Hewitt applied for unemployment benefits in August 2016 and shortly thereafter began receiving a weekly benefit of $657. In August 2017, Hewitt was informed a redetermination found her disqualified for benefits because she left work voluntarily. Hewitt appealed from the redetermination and the Board's demand for the return of $17,082 in benefits received. Following a hearing in which the above facts were adduced, the appeal tribunal determined it was "clear that [Hewitt] knew what the customarily acceptable time period was to return a signed contract, refused to accept the employer's contract, did not request any further negotiation, and made no further attempt to communicate with the employer about the matter." The appeal tribunal thus concluded Hewitt left work voluntarily over her dissatisfaction with her raise. The Board affirmed.

While the matter was pending in this court, the Board made a motion for remand to address an argument not raised to the tribunal, namely the reopening of the claim in 2017. We granted the motion, and the Board issued a decision on remand addressing the procedural posture of the case. The Board explained that when a laid-off worker files an unemployment claim, the worker is provided a notice of their monetary benefit and benefit payments follow. There is no further determination as to the worker's entitlement to benefits. If

3

the worker, on the other hand, advises he or she quit or was fired, the worker is interviewed to determine an entitlement to benefits.

The Board explained it had no record of what Hewitt said was the reason she was not working when she filed for benefits, but she was not interviewed and no determination was issued before benefits were begun. The "redetermination" was triggered by the employer's protest, likely after having been sent a bill for Hewitt's unemployment benefits, that Hewitt should have been denied benefits because she quit her job. The Division of Unemployment and Disability Insurance sent Hewitt a questionnaire in response to the employer's charge, which Hewitt did not return. The claims examiner thereafter determined Hewitt disqualified for benefits and the Director issued a demand for refund, which Hewitt appealed in this proceeding. The Board found no due process violation in the redetermination of benefits and reaffirmed its agreement with the appeal tribunal that Hewitt quit her job because of dissatisfaction with her raise, which was not good cause to leave work.

Hewitt appeals, arguing her "due process rights were violated because the Director's request for a refund was not preceded by an appeal by an interested party," and that she did not voluntarily leave her employment

because there was no deadline for her response to the school's second contract offer. We find both arguments to be without merit.

Our review of administrative agency decisions is limited. In re Stallworth, 208 N.J. 182, 194 (2011). The agency's determination carries a presumption of correctness, and the claimant bears a substantial burden of persuasion. Gloucester Cty. Welfare Bd. v. N.J. Civil Serv. Comm'n, 93 N.J. 384, 390-91 (1983). "If the Board's factual findings are supported by 'sufficient credible evidence, [we] are obligated to accept them.'" Brady v. Bd. of Review, 152 N.J. 197, 210 (1997) (quoting Self v. Bd. of Review, 91 N.J. 453, 459 (1982)). "Unless . . . the agency's action was arbitrary, capricious, or unreasonable, the agency's ruling should not be disturbed." Ibid.

Under N.J.S.A. 43:21-5(a), a person is ineligible for unemployment benefits if he or she leaves work voluntarily without good cause attributable to the work. "[G]ood cause" is "a reason related directly to the individual's employment, which was so compelling as to give the individual no choice but to leave the employment." N.J.A.C. 12:17-9.1(b). "Mere dissatisfaction with working conditions which are not shown to be abnormal or do not affect health, does not constitute good cause for leaving work voluntarily." Domenico v. Bd. of Review, 192 N.J. Super. 284, 288 (App. Div. 1983)

(quoting Medwick v. Bd. of Review, 69 N.J. Super. 338, 345 (App. Div. 1961)).

Thus, an employee who quits a job without a sufficient work-related reason is disqualified from benefits under N.J.S.A. 43:21-5(a). "[A]n employee's frustration caused by not receiving an expected pay raise does not constitute good cause within the statutory intendment." DeSantis v. Bd. of Review, 149 N.J. Super. 35, 38 (App. Div. 1977).

Applying our highly deferential standard of review, we find no occasion to interfere with the Board's ruling here. The record supports its decision. Hewitt does not dispute that she never accepted the school's offer of a new contract for the 2016-2017 school year. She testified she told the Director of Education she was disappointed with the raise and would not sign the school's second proffered contract. The Director of Program made clear at the hearing that the school wanted Hewitt to return. Because Hewitt was not entitled to benefits, she is obligated to repay them, regardless of whether she accepted them in good faith. See N.J.S.A. 43:21-16(d); Bannan v. Bd. of Review, 299 N.J. Super. 671, 673 (App. Div. 1997). We reject as without sufficient merit to warrant discussion in a written opinion her argument that the Division's

action to recoup public benefits paid in error after being alerted by the school that Hewitt quit her job violated her due process rights. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3795-17T1