**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2124-18T1

ROBERT M. WALKER,

     Appellant,

v.

BOARD OF REVIEW,
DEPARTMENT OF LABOR,
and PATEL ALCOHOLIC
BEVERAGES, LLC,

     Respondents.

_____

Submitted November 20, 2019 – Decided December 9, 2019

Before Judges Haas and Enright.

On appeal from the Board of Review, Department of Labor, Docket No. 163,110.

Robert M. Walker, appellant pro se.

Gurbir S. Grewal, Attorney General, attorney for respondent Board of Review (Donna Sue Arons, Assistant Attorney General, of counsel; Dipti Vaid Dedhia, Deputy Attorney General, on the brief).

Respondent Patel Alcoholic Beverages, LLC, has not filed a brief.

PER CURIAM

Appellant Robert Walker appeals from the December 20, 2018 final decision of the Board of Review (Board).  The Board's decision affirmed the October 29, 2018 determination of the Appeal Tribunal, which disqualified appellant from receiving benefits as of August 26, 2018, pursuant to N.J.S.A. 43:21-5(a).  We affirm.

Walker was employed by respondent Patel Alcoholic Beverages, LLC (Patel) as a salesperson from late April 2016 until September 1, 2018.  One of Walker's duties was to serve wine samples to Patel's patrons.  On September 1, 2018, Walker found three bottles of the same variety of wine to be aberrant.  Specifically, he saw "foamy juice . . . pouring out of the top of [one] bottle."  He then opened two more bottles of the same variety of wine "with the same consequences."  When Walker advised the owner about his findings, Patel became upset and instructed Walker to stop serving wine samples to patrons without his permission.  About two hours later, Walker approached Patel and told him, "we obviously are not on the same page as to customer service."  Walker stayed until the end of his shift and did not return to his job after September 1, 2018.

Walker was asked at his Appeal Tribunal hearing if he resigned from his position because he could not stand behind the product he sold, and he responded, "I won't serve a wine that I know is comprised and/or faulty." He also conceded he did not know if a person would become sick from consuming the aberrant wine. Additionally, Walker made clear he was not discharged by Patel. He stressed, "[t]he discharge never happened" and he was "not at all" under the threat of being fired. Further, Walker confirmed that if Patel had reacted differently to Walker's discovery of the questionable wine, he would have stayed at his job. Walker lamented, "this is the best job I ever had . . . it was not an easy decision for me."

Our review of an administrative agency decision is limited. Brady v. Bd. of Review, 152 N.J. 197, 210 (1997). "'[I]n reviewing the factual findings made in an unemployment compensation proceeding, the test is not whether [we] would come to the same conclusion if the original determination was [ours] to make, but rather whether the factfinder could reasonably so conclude upon the proofs.'" Ibid. (quoting Charatan v. Bd. of Review, 200 N.J. Super. 74, 79 (App. Div. 1985)). "If the Board's factual findings are supported 'by sufficient credible evidence, [we] are obliged to accept them.'" Ibid. (quoting Self v. Bd. of Review, 91 N.J. 453, 459, (1982)). We also give due regard to the agency's

credibility findings. Logan v. Bd. of Review, 299 N.J. Super. 346, 348 (App. Div. 1997). "Unless . . . the agency's action was arbitrary, capricious, or unreasonable, the agency's ruling should not be disturbed." Brady, 152 N.J. at 210.

"The underlying purpose of the Unemployment Compensation Law 'is to provide some income for the worker earning nothing because he is out of work through no fault or act of his own.'" Futterman v. Bd. of Review, 421 N.J. Super. 281, 288 (App. Div. 2011) (emphasis omitted) (quoting Brady, 152 N.J. at 212). A person is disqualified for benefits:

> For the week in which the individual has left work voluntarily without good cause attributable to such work, and for each week thereafter until the individual becomes reemployed and works eight weeks in employment . . . .
>
> [N.J.S.A. 43:21-5(a).]

An employee who has left work voluntarily has the burden of proving that he or she "did so with good cause attributable to work." Brady, 152 N.J. at 218; N.J.A.C. 12:17-9.1(c). "While the statute does not define 'good cause,' our courts have construed the statute to mean 'cause sufficient to justify an employee's voluntarily leaving the ranks of the employed and joining the ranks of the unemployed.'" Domenico v. Bd. of Review, 192 N.J. Super. 284, 287 (App. Div.

1983) (quoting Condo v. Bd. of Review, 158 N.J. Super. 172, 174 (App. Div. 1978)). N.J.A.C. 12:17-9.1(b) defines "good cause attributable to such work" as "a reason related directly to the individual's employment, which was so compelling as to give the individual no choice but to leave the employment."

An employee who leaves work for good, but personal, reasons is not deemed to have left work voluntarily with good cause. Brady, 152 N.J. at 213; Self, 91 N.J. at 457; Rider Coll. v. Bd. of Review, 167 N.J. Super. 42, 47-48 (App. Div. 1979). "Mere dissatisfaction with working conditions which are not shown to be abnormal or do not affect health, does not constitute good cause for leaving work voluntarily." Domenico, 192 N.J. Super. at 288 (quoting Medwick v. Bd. of Review, 69 N.J. Super. 338, 345 (App. Div. 1961)). "The decision to leave employment must be compelled by real, substantial and reasonable circumstances . . . attributable to the work." Shuster v. Bd. of Review, 396 N.J. Super. 240, 244-45 (App. Div. 2007) (quoting Fernandez v. Bd. of Review, 304 N.J. Super. 603, 606 (App. Div. 1997)). "[I]t is the employee's responsibility to do what is necessary and reasonable in order to remain employed." Domenico, 192 N.J. Super. at 288.

Here, Walker was not under the threat of discharge at the time of his resignation. Instead, he resigned because, as the Appeal Tribunal noted, "he felt

he could not continue to sell a product that did not have integrity and that he could not represent."

Under these facts, Walker's right to disagree with Patel's decision to sell wine of poor quality does not give rise to leaving for "good cause." Although we do not criticize Walker for standing his moral ground, we are satisfied the determination that Walker left work voluntarily without good cause attributable to the work is amply supported by substantial credible evidence in the record. Thus, we do not find the agency's determination to disqualify Walker for unemployment benefits under N.J.S.A. 43:21-5(a) was arbitrary, capricious or unreasonable.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

6