**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4210-19

LAUREN URUSOW,

     Appellant,

v.

BOARD OF REVIEW,
DEPARTMENT OF LABOR,
and 610 TOWNBANK ROAD
OPERATIONS, LLC,

     Respondents.

_____

Submitted March 21, 2022 – Decided March 30, 2022

Before Judges Rothstadt and Mayer.

On appeal from the Board of Review, Department of Labor, Docket No. 209,775.

Lauren Urusow, appellant pro se.

Matthew J. Platkin, Acting Attorney General, attorney for respondent Board of Review (Sookie Bae-Park, Assistant Attorney General, of counsel; Kevin K.O. Sangster, Deputy Attorney General, on the brief).

PER CURIAM

Petitioner Lauren Urusow appeals from a final agency decision issued by respondent Board of Review (Board), disqualifying her from receipt of unemployment benefits. We affirm.

From October 27, 2017, through March 9, 2020, Urusow worked as a bus driver for respondent 610 Townbank Road Operations, LLC, which owned and operated Genesis Victoria Commons Assisted Living Facility (Genesis). Urusow transported assisted living residents to and from Genesis in the facility's bus.

Urusow sought different employment because the work at Genesis became grueling and "there really was no future outlook at the company." On March 6, 2020, Urusow interviewed for a job position with Sheppard Bus Service (Sheppard). Sheppard hired her the same day.

On March 9, 2020, Urusow voluntarily resigned from her job at Genesis to enroll in a training program to obtain a commercial driver's license (CDL) to work as a school bus driver for Sheppard. From March 16, 2020 through March 20, 2020, Urusow attended unpaid training for her CDL certification. On March 20, 2020, the training program shut down due to the COVID-19 pandemic.

Around that same time, Genesis contacted Urusow and invited her to return to its facility if she was not otherwise employed. She returned to Genesis

2

as a laundry attendant from March 30, 2020 to June 2, 2020. Urusow resigned from Genesis a second time to resume unpaid training to obtain her CDL license and work as a bus driver for Sheppard. Urusow began working as a bus driver for Sheppard on October 9, 2020. She worked only part-time due to the limited school calendar during the pandemic.

On March 15, 2020, Urusow filed a claim for unemployment compensation benefits. A deputy at the Division of Unemployment and Disability Insurance disqualified Urusow from receipt of benefits because she left work voluntarily without good cause attributable to such work. Urusow appealed the determination to the Appeal Tribunal.

An appeals examiner conducted a telephonic hearing on May 6, 2020. At the hearing, Urusow testified she stopped working at Genesis because she took a new job position with Sheppard.

In a May 8, 2020 decision, the appeals examiner found "the sole reason for the claimant's decision to sever this working relationship [with Genesis] was based upon her decision to pursue a Commercial Driver's License (CDL)." While acknowledging Urusow's reason for resigning from Genesis was "understandable" and "attending training to enhance one's job prospects is a compelling reason to leave work," the appeals examiner determined Urusow left

A-4210-19

work for personal benefit.  The appeals examiner concluded "the Unemployment Compensation Fund cannot be used to subsidize a claimant's search for education" and  disqualified her from receipt of benefits under N.J.S.A. 43:21-5(a) because she "left work voluntarily without good cause attributable to such work."

Urusow appealed the examiner's decision to the Board.  On July 16, 2020, the  Board affirmed the Appeal Tribunal's decision.

On appeal, Urusow argues the Board erred in denying unemployment benefits because "leaving her job with [her] former employer in order to take a better position because of factors related to the work constitutes good cause attributable to the work."   We disagree.

The scope of review of an administrative agency's final determination is limited.  Brady v. Bd. of Rev., 152 N.J. 197, 210 (1997).  The agency's decision may not be disturbed unless shown to be arbitrary, capricious, unreasonable, or inconsistent with applicable law.  Ibid.  "If the Board's factual findings are supported 'by sufficient credible evidence, courts are obliged to accept them.'"  Ibid. (quoting Self v. Bd. of Rev., 91 N.J. 453, 459 (1982)).  "[I]n reviewing the factual findings made in an unemployment compensation proceeding, the test is not whether an appellate court would come to the same conclusion if the original

determination was its to make, but rather whether the factfinder could reasonably so conclude upon the proofs." Ibid. We "must . . . give due regard to the opportunity of the one who heard the witnesses to judge their credibility." Logan v. Bd. of Rev., 299 N.J. Super. 346, 348 (App. Div. 1997).

A claimant who leaves work for personal reasons is subject to disqualification for receipt of unemployment benefits under the statute, even if the reasons are understandable as the appeals examiner noted in this matter. Morgan v. Bd. of Rev., 77 N.J. Super. 209, 214 (App. Div. 1962). Among the personal reasons failing to constitute good cause attributable to the work are a claimant's frustration at not receiving an expected pay raise, DeSantis v. Bd. of Rev., 149 N.J. Super. 35, 38 (App. Div. 1977), and leaving work to accept a substantially better position, Rider College v. Bd. of Rev., 167 N.J. Super. 42, 47 (App. Div. 1979).

In support of her appeal, Urusow cites McClain v. Bd. of Rev., 237 N.J. 445, 462 (2019). However, her reliance on that case is misplaced. In McClain, the claimants left their jobs to take higher paying positions, but the new positions were rescinded prior to the scheduled start date of the new employment. Ibid. Unlike the claimants in McClain, Urusow's position with Sheppard was not rescinded.

To avoid disqualification, Urusow had the burden of establishing she left work voluntarily for good cause attributable to work. Based on sufficient credible evidence in the record, we find no error in the Board's denial of Urusow's request for unemployment benefits. Urusow left Genesis for personal reasons rather than good cause attributable to the work. Based on the record, the Board's denial of unemployment benefits was not arbitrary, capricious, or unreasonable.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4210-19